FILED
IN CLERKS OFFICE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS** : 40

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| Cosmedico Light, Inc., | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| Light Sources, Inc., | ) |
| Defendant. | ) |

**Civil Action No.** _____

## 05  1058  NMG

Refered to MJ JG Dein

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Cosmedico Light Inc., in and for its Complaint against Defendant, Light Sources, Inc., states as follows:

## THE PARTIES

1. Plaintiff, Cosmedico Light, Inc. (hereinafter "plaintiff" or "Cosmedico Light, Inc." or "Cosmedico") is a Delaware corporation having its principal place of business at 233 Libbey Parkway, Unit 2, Weymouth, Massachusetts 02189.

2. Defendant, Light Sources, Inc. (hereinafter "LSI"), is a Connecticut corporation believed to be doing business in the Commonwealth of Massachusetts, with a principal place of business at 37 Robinson Road, Orange, Connecticut 06477.

3. Defendant LSI is transacting and regularly doing and/or soliciting business, and committing acts of trademark infringement, dilution and/or false designation of origin, in this judicial district, the District of Massachusetts, and elsewhere.

## JURISDICTION AND VENUE

4.    This action arises under the Trademark Laws of the United States, particularly 15 U.S.C. § 1051 et seq.; and under M.G.L.A. Chapter 110B §§ 11, 12.    Jurisdiction is based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367, and M.G.L.A., Chapter 223A, § 3.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PLAINTIFF'S BUSINESS AND TRADEMARK RIGHTS

6.    Plaintiff, Cosmedico Light, Inc., is in the business of developing, marketing and selling fluorescent sun lamps, power systems and other such goods and products used for indoor tanning.    Cosmedico markets and sells a variety of well known sunlamps which are utilized in tanning beds to generate ultraviolet light.    This advanced indoor tanning technology is marketed and sold by plaintiff under the trademark, COSMEDICO®. Cosmedico Light, Inc. is the corporate name and designation of the plaintiff and has been used by it in connection with the company, and its goods and services, since its establishment on May 19, 1986.    The Cosmedico trademark is registered with the United States Patent and Trademark Office under Registration No. 1992299, granted on August 13, 1996.

7.    Cosmedico has developed, and markets and sells, a wide variety of lamps for use in suntanning beds and other applications.    Cosmedico has created and promoted brand names and trademarks to help distinguish its lamps from those sold by competitors. Many of the brand names selected by Cosmedico employ the word root "Cosmo" to strengthen the association of the product with its supplier, Cosmedico.    In fact, of the 98 lamp products in Cosmedico's current product catalog, 71 of those products (72 percent of the company's product range) have a brand name based on the word root "Cosmo".

2

8.    Cosmedico has applied for, and received, federal trademark registrations for many of its

lamp product brand names, including several of the brand names based on the "Cosmo"

prefix. Among those federally registered trademarks are:

**CosmoPower**        Registration No. 2907881, granted on December 7, 2004
             (first used in commerce on November 29, 1993)

**CosmoLux VLR**     Registration No. 2788198, granted on December 2, 2003
             (first used in commerce on July 30, 1997)

**CosmoLux ESP**     Registration No. 2476193, granted on August 7, 2001
             (first used in commerce on June 16, 1998)

Cosmedico also owns the federally registered trademark "CosmoStart/E" (Registration

No. 2888500, granted on September 28, 2004) used in conjunction with electronic

starters it sells for use in suntanning beds. Moreover, federal registration is pending as

to Cosmedico's trademark **"CosmoSun"** (Serial No. 78479509, filed on September 7,

2004; first used in commerce in October, 2001).   Additional Cosmedico brand names

featuring the "Cosmo" prefix are protected by common law trademark rights.


9.    Cosmedico is also the exclusive North American distributor of lamps and other tanning

products manufactured by and for its parent corporation, Cosmedico Light GmbH, and

is the exclusive authorized domestic user of the following United States trademark

registrations owned by Cosmedico Light GmbH:

     **CosmoStar**        Registration No. 1752347, granted on February 16, 1993

     **CosmoLux**        Registration No. 1365407, granted on October 15, 1985

10.   Cosmedico's rights in the Cosmedico trademark and the various "Cosmo" prefix

trademarks are valid and subsisting. Plaintiff's products are known by such marks and

their representations of source are well-known in the industry. Cosmedico's adoption and use of the "Cosmo" prefix marks are well known to LSI.

11.    Since long prior to the acts of defendant as complained of herein, Cosmedico has been, and continues to be the owner of the Cosmedico trademark and the various "Cosmo" prefix marks, and plaintiff has continuously used these marks in the United States on or in connection with its goods and services in both interstate and intrastate commerce. These marks have been, and continue to be, used for the purpose of identifying the plaintiff's goods, and for distinguishing Cosmedico's goods and services from similar or competing goods and services manufactured and distributed by other companies. As a result of this long and continuous use, the trade and/or the purchasing public have come to know and recognize the marks as identifying the particular goods and services of Cosmedico.

12.    The goodwill associated with the Cosmedico and "Cosmo" prefix marks has inured to the benefit of plaintiff, Cosmedico. Because the products associated with these marks have become known in the marketplace to represent quality workmanship and top notch product support, the marks have gained great brand loyalty and secondary meaning.

13.    Cosmedico is also the owner of a federal trademark registration (Registration No. 2124659, for the mark VHR. Registration of the VHR mark in International Class 11 was granted on December 30, 1997, based upon Cosmedico's use of the mark in commerce at least as early as December, 1994.

14.    Cosmedico has used the VHR mark in connection with suntanning lamps and other goods continuously since at least December, 1994, and the mark has achieved

substantial goodwill as a result of Cosmedico's promotion of the mark and associated goods. The public, including the market relevant to this action, has come to associate the VHR mark with Cosmedico.

## DEFENDANT'S BUSINESS ACTIVITIES

15.    Without prior notice and without Cosmedico's consent, defendant LSI has purportedly adopted and used a mark that is intentionally and confusingly similar to plaintiff's "Cosmo" prefix marks in interstate commerce, on or in connection with goods and services defendant allegedly advertised, marketed, offered for sale and/or sold throughout the United States. Such goods and services are similar to the goods and services of plaintiff, which include ultra violet fluorescent lighting tubes employed for the suntanning purposes and related goods, and such goods are in fact sold by LSI within the same channels of trade as Cosmedico's products. Indeed, LSI and Cosmedico are direct competitors in the same industry, sell similar products and advertise in the same or similar media and/or channels of trade to the same or similar classes of prospective customers. Many distributors of suntanning equipment and products offer goods from both Cosmedico and LSI.

16.    On or about June 28, 2002, LSI caused to be filed with the United States Patent and Trademark Office, an application for registration of the alleged trademark "CosmoTan." The application was filed in International Class 11, and the application described the goods and services associated with the alleged trademark as "Ultraviolet Lamps Not For Medical Use."

17.    LSI's trademark registration application was filed as a so-called "Intent To Use" application ("ITU"), meaning that as of the date of the application, LSI had not yet begun using the mark in commerce. As required by the trademark statute and rules, the

ITU application was accompanied by a declaration that he believed LSI to be entitled to use the CosmoTan mark in commerce, that LSI had a bona fide intention to use the CosmoTan mark in commerce, that the facts recited in the application were accurate, and that no other person or entity had the right to use the CosmoTan mark "either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. §1051(b). The declaration accompanying LSI's ITU application was signed by David N. Myers, who was at that time LSI's Director of Administration.

18.    On information and belief, at the time LSI caused its ITU application for the CosmoTan mark to be filed, LSI had no good faith belief that it was entitled to use the CosmoTan mark in commerce, in view of the prior long, open and notorious use by Cosmedico of its various "Cosmo" prefix marks in the market. On information and belief, LSI did not, as of June 28, 2002, have a bona fide intention to use the CosmoTan mark in commerce, and instead had submitted the application for the primary purpose of causing undue expense and inconvenience to Cosmedico, and to damage the substantial goodwill created by Cosmedico in its brand names and trademarks. To Cosmedico's knowledge and belief, LSI has never openly used any mark containing the "Cosmo" prefix in connection with any of its own products. On information and belief, as of June 28, 2002, neither LSI generally, nor Mr. Myers in particular, could reasonably have formed a good faith belief that no other person or entity had the right to use the CosmoTan mark "either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive" within the meaning of 15 U.S.C. §1051(b). Therefore, Mr. Myers' declaration submitted in support of the CosmoTan ITU application was materially false.

19.    In the course of examining the CosmoTan ITU application, the trademark examining attorney conducted an electronic search on September 29, 2002, to determine if similar or identical marks had previously been registered.  A copy of the examining attorney's search report was provided to LSI and appears in the public file of the trademark application.  The search report indicates that the trademark examining attorney searched for marks having the words or word roots "Tan", "tanning", "ultraviolet", "ultra violet" and "world".  The report does not indicate that the examining attorney searched for marks containing the word root "Cosmo."  Because the "Cosmo" prefix is the dominant portion of the CosmoTan mark, it appears that the examining attorney erred in failing to search for other marks containing that word root.  Despite this clear and obvious error, LSI allowed the CosmoTan trademark registration to issue without advising the examining attorney either of his search error or of the many "Cosmo" prefix marks known to LSI to have been used previously by Cosmedico.

20.    Under the trademark statute and rules, an ITU applicant must file a verified Statement of Use within a prescribed period following the trademark office's notice of allowance of the application before the registration will be granted.  15 U.S.C. §1051(d).  The Statement of Use must specify the date of the first use of the mark in commerce on or in connection with the goods or services described in the notice of allowance, and must include a specimen of the mark as used on or in connection with the goods.  LSI filed a Statement of Use in support of its ITU application for the CosmoTan mark on or about August 5, 2003, alleging a first use of the CosmoTan mark in commerce on June 30, 2003.  The Statement of Use was signed by LSI's attorney, Paul A. Fattibene.

21.    On information and belief, as of June 30, 2003, LSI was not offering for sale in commerce any goods bearing the CosmoTan mark.  On further information and belief,

the specimen of the mark submitted by LSI with its Statement of Use was prepared specifically and solely for the purpose of obtaining the federal trademark registration applied for on June 28, 2002. Accordingly, Mr. Fattibene's verified Statement of Use was materially false. Based on the false representations of Mr. Myers and Mr. Fattibene, the United States Patent and Trademark Office granted to LSI trademark Registration No. 2785065 on November 18, 2003.

22. LSI has, for some period of time, made, marketed and distributed suntanning lamps sold under the designation "VHO-R". This designation has been known to Cosmedico, and Cosmedico did not consider such a designation to infringe upon Cosmedico's federally registered VHR trademark because it was not deemed likely to cause confusion, to cause mistake, or to deceive the public with regard to the source of the goods in connection with which it was used. Recently, however, LSI has adopted a stylized designation of the lamps previously designated as "VHO-R":



The image depicted above (referred to herein as "the VH® logo") was taken from the end label of a carton of LSI lamps obtained in the marketplace.

23. LSI's use of the symbol ® as part of the VH® logo creates the impression that LSI has a federal trademark registration for one or both of the designations "FR71/VH" or

"VH." On information and belief, as reflected in the public records of the United States Patent and Trademark office, LSI has neither applied for nor received any federal trademark registration for either of these designations. Therefore, LSI's employment of the ® symbol is a false and fraudulent designation of federal trademark registration.

24.    On information and belief, LSI adopted the VH® for the principal purpose of imitating Cosmedico's federally registered VHR trademark, and to cause undue burden, expense and inconvenience to Cosmedico.

## COUNT I

## CIVIL LIABILITY FOR FALSE OR FRAUDULENT TRADEMARK REGISTRATION

25.    Plaintiff realleges and incorporates by reference, all paragraphs above, as if fully set forth herein.

26.    This count is for redress for harm caused by LSI's false or fraudulent registration of the CosmoTan mark under the provisions of the Trademark Laws of the United States, particularly 15 U.S.C. §1120.

27.    The acts of defendant alleged herein, and particularly the statements of Mr. Myers submitted in his Declaration in support of the CosmoTan trademark registration application constitute a false or fraudulent declaration or representation in violation of 15 U.S.C. §1120.

28.    LSI's failure to correct the clear error of the trademark examining attorney with regard to the existence of prior trademark registrations containing the "Cosmo" prefix

constitutes "false means" used by LSI to procure registration of the CosmoTan mark, again in violation of 15 U.S.C. §1120.

29.    LSI's submission to the trademark office of a specimen of goods bearing the CosmoTan mark with the representation that the mark had thus been used in commerce when, on information and belief, LSI had made no such use of the mark in commerce, constitutes a false or fraudulent declaration or representation to the trademark office, again in violation of 15 U.S.C. §1120.

30.    As a result of LSI's violations of 15 U.S.C. §1120 with regard to the CosmoTan mark, Cosmedico has suffered substantial injury.

## COUNT II

## CANCELLATION OF LSI'S FALSE OR FRAUDULENT TRADEMARK REGISTRATION

31.    Plaintiff realleges and incorporates by reference, all paragraphs above, as if fully set forth herein.

32.    This count is for an adjudication pursuant to 15 U.S.C. §1119 that LSI's CosmoTan trademark registration is invalid and must be cancelled.

33.    Because the CosmoTan mark "so resembles a mark registered in the Patent and Trademark office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive," 15 U.S.C.

§1052(d), LSI was not entitled to federal registration of the CosmoTan mark and the registration should be cancelled.

## COUNT III

## CIVIL LIABILITY FOR LSI'S INFRINGEMENT OF COSMEDICO'S "COSMO" PREFIX FEDERAL TRADEMARK REGISTRATIONS

34.   Plaintiff realleges and incorporates by reference, all paragraphs above, as if fully set forth herein.

35.   LSI's purported adoption and use in commerce of the CosmoTan mark constitutes a "use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of" Cosmedico's "Cosmo" prefix registered marks.  LSI's purported use of the CosmoTan mark in connection with the sale, offering for sale, distribution, or advertising of the goods described in its Statement of Use submitted to the trademark office  is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods, in violation of 15 U.S.C. §1114(1).

36.   LSI's adoption and use of the infringing CosmoTan mark has resulted in substantial injury to Cosmedico.

## COUNT IV

## FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW AS TO LSI'S PURPORTED USE OF THE COSMOTAN MARK

37.   Plaintiff realleges and incorporates by reference, all paragraphs above, as if fully set forth herein.

38.   This count is for false designation of origin under the Trademark Laws of the United States, particularly 15 U.S.C. §1125(a).

39.   LSI's purported use of the CosmoTan mark, without Cosmedico's consent, on or in connection with goods and/or services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of with Cosmedico, or as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by Cosmedico, in violation of the Trademark Laws of the United States, particularly 15 U.S.C. § 1125(a).

40.   LSI, by the acts complained of herein, has caused and is causing injury to Cosmedico, the public and the market in which plaintiff and defendant both do business.

41.   Cosmedico has been irreparably damaged by defendant's acts and does not have an adequate remedy at law for the damage that it has suffered by LSI's unlawful and infringing purported use of the CosmoTan mark.

**COUNT V**

**CIVIL LIABILITY FOR LSI'S INFRINGEMENT OF COSMEDICO'S "COSMO"**
**PREFIX COMMON LAW TRADEMARK RIGHTS**

42.   Plaintiff realleges and incorporates by reference, all paragraphs above, as if fully set forth herein.

43.     As a result of Cosmedico's long and exclusive use of the word root "Cosmo" in the brand names and trademarks of its products, the public has come to associate the "Cosmo" prefix used in connection with the suntanning industry with Cosmedico.

44.     LSI's purported use of the CosmoTan mark in direct competition with Cosmedico is a violation of Cosmedico's common law trademark rights in the "Cosmo" prefix.  As a competitor, LSI's use of the CosmoTan mark is likely to cause confusion, to cause mistake, or to deceive the public with regard to the source of the products, and is dilutive of the strong goodwill created by Cosmedico in its "Cosmo" family of marks.

45.     LSI's adoption and use of the infringing CosmoTan mark has resulted in substantial injury to Cosmedico.

## COUNT VI

## TRADEMARK DILUTION UNDER FEDERAL LAW AS TO COSMEDICO'S "COSMO" PREFIX TRADEMARKS

46.     Plaintiff realleges and incorporates by reference, all paragraphs above, as if fully set forth herein.

47.     This count is for trademark dilution under the Trademark Laws of the United States, particularly 15 U.S.C. §1125(c).

48.     Cosmedico's "Cosmo" prefix marks have, through long and exclusive use, advertising and publicity, become distinctive of plaintiff's goods and services and have become famous in the industry.

49.     LSI's purported commercial use of the CosmoTan mark occurred after the "Cosmo"
        prefix marks became famous.  LSI's purported use of the CosmoTan mark injures the
        business reputation of Cosmedico and dilutes the distinctive quality of its trademarks, in
        violation of the Trademark Laws of the United States, particularly 15 U.S.C. § 1125(c).

50.     Such acts by defendant are causing and will continue to cause Cosmedico immediate
        and irreparable harm for which there is no adequate remedy at law.  Moreover, the acts
        of defendant complained of herein were done willfully with the intent to trade on
        Cosmedico's reputation and/or to cause dilution of its famous marks.

## COUNT VII

## TRADEMARK DILUTION UNDER MASSACHUSETTS LAW AS TO COSMEDICO'S "COSMO" PREFIX TRADEMARKS

51.     Cosmedico realleges and incorporates by reference, all paragraphs above, as if fully set
        forth herein.

52.     This count is for trademark dilution under the laws of the Commonwealth of
        Massachusetts, M.G.L.A., Chapter 110B §§ 11, 12.

53.     Cosmedico's marks have, through long and exclusive use, advertising and publicity,
        become distinctive of plaintiff's goods and services in Massachusetts and have become
        famous in the industry.

54.    LSI's purported use of the CosmoTan mark has injured, and continues to injure, the business reputation of plaintiff and dilutes the distinctive quality of Cosmedico's "Cosmo" prefix marks, in violation of M.G.L.A., Chapter 110 § 12.

55.    Such acts of defendant are causing and will continue to cause Cosmedico immediate and irreparable harm for which there is no adequate remedy at law.

## COUNT VIII

## CIVIL LIABILITY FOR LSI'S INFRINGEMENT OF COSMEDICO'S VHR FEDERAL TRADEMARK REGISTRATION

56.    Plaintiff realleges and incorporates by reference, all paragraphs above, as if fully set forth herein.

57.    LSI's adoption and use in commerce of the VH® logo constitutes a "use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of" Cosmedico's registered VHR mark. LSI's use of the VH® logo in connection with the sale, offering for sale, distribution, or advertising of suntanning lamps is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods, in violation of 15 U.S.C. §1114(1). LSI's acts as alleged herein have been and are being performed with defendant's knowledge of Cosmedico's exclusive rights in the United States to the federally registered VHR trademark, and with knowledge that defendant's imitation of Cosmedico's mark was intended to be used to cause confusion, or to cause mistake or to deceive. LSI's acts as alleged herein constitute a willful and fraudulent attempt to confuse and deceive the purchasing public for defendant's profit.

15

58.     LSI's adoption and use of the infringing VH® logo has resulted in substantial injury to
        Cosmedico.  Defendant has made, and will make, unlawful gains and profits from its
        infringement of Cosmedico's VHR trademark, and Cosmedico, due to defendant's
        unlawful infringement, has been and is being deprived of goodwill, rights and profits
        which otherwise would inure to plaintiff.   Defendant's infringement is causing
        Cosmedico irreparable injury.


                                        **COUNT IX**

**FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW AS TO LSI'S USE OF**

                                     **THE VH® LOGO**

59.     Plaintiff realleges and incorporates by reference, all paragraphs above, as if fully set
        forth herein.


60.     This count is for false designation of origin under the Trademark Laws of the United
        States, particularly 15 U.S.C. §1125(a).


61.     LSI's purported use of the VH® logo, without Cosmedico's consent, on or in
        connection with goods and/or services is likely to cause confusion, or to cause mistake,
        or to deceive as to the affiliation, connection, or association of with Cosmedico, or as to
        the origin, sponsorship, or approval of defendant's goods, services, or commercial
        activities by Cosmedico, in violation of the Trademark Laws of the United States,
        particularly 15 U.S.C. § 1125(a).

62.    LSI, by the acts complained of herein, has caused and is causing injury to Cosmedico, the public and the market in which plaintiff and defendant both do business.

63.    Cosmedico has been irreparably damaged by defendant's acts and does not have an adequate remedy at law for the damage that it has suffered by LSI's unlawful and infringing purported use of the VH® logo.

## COUNT X

### TRADEMARK DILUTION UNDER FEDERAL LAW AS TO COSMEDICO'S REGISTERED VHR TRADEMARK

64.    Plaintiff realleges and incorporates by reference, all paragraphs above, as if fully set forth herein.

65.    This count is for trademark dilution under the Trademark Laws of the United States, particularly 15 U.S.C. §1125(c).

66.    Cosmedico's VHR trademark has, through long and exclusive use, advertising and publicity, become distinctive of plaintiff's goods and services and has become famous in the industry.

67.    LSI's adoption and commercial use of the VH® logo occurred after Cosmedico's VHR mark became famous. LSI's use of the VH® logo injures the business reputation of Cosmedico and dilutes the distinctive quality of its trademarks, in violation of the Trademark Laws of the United States, particularly 15 U.S.C. § 1125(c).

68.  Such acts by defendant are causing and will continue to cause Cosmedico immediate and irreparable harm for which there is no adequate remedy at law. Moreover, the acts of defendant complained of herein were done willfully with the intent to trade on Cosmedico's reputation and/or to cause dilution of its famous mark.

## COUNT XI

## TRADEMARK DILUTION UNDER MASSACHUSETTS LAW AS TO COSMEDICO'S VHR TRADEMARK

69.  Cosmedico realleges and incorporates by reference, all paragraphs above, as if fully set forth herein.

70.  This count is for trademark dilution under the laws of the Commonwealth of Massachusetts, M.G.L.A., Chapter 110B §§ 11, 12.

71.  Cosmedico's VHR trademark has, through long and exclusive use, advertising and publicity, become distinctive of plaintiff's goods and services in Massachusetts and has become famous in the industry.

72.  LSI's adoption and commercial use of the VH® logo has injured, and continues to injure, the business reputation of plaintiff and dilutes the distinctive quality of Cosmedico's VHR trademark, in violation of M.G.L.A., Chapter 110 § 12.

73.  Such acts of defendant are causing and will continue to cause Cosmedico immediate and irreparable harm for which there is no adequate remedy at law.

## COUNT XII

## <u>UNFAIR COMPETITION UNDER MASSACHUSETTS LAW</u>

74.     Cosmedico realleges and incorporates by reference, all paragraphs above, as if fully set forth herein.

75.     This count is for relief from unfair competition under the laws of the Commonwealth of Massachusetts, M.G.L.A., Chapter 93A §§ 2 *et seq.*

76.     LSI's acts as described herein constitute unfair competition in violation of ch. 93A, M.G.L.A.  These acts of defendant are causing and will continue to cause Cosmedico both monetary loss and immediate and irreparable harm for which there is no adequate remedy at law.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Cosmedico respectfully requests that this Honorable Court enter judgment in favor of Cosmedico that:

A.  commands the Director of the United States Patent and Trademark Office, by certified Order, to cancel defendant LSI's federal trademark registration no. 2785065 in the CosmoTan mark;

B.  awards to Cosmedico its damages, costs and fees incurred as a result of defendant LSI's violation of 15 U.S.C. §1120;

C.  holds that defendant LSI has falsely designated the origin or source of its goods and/or services in violation of federal law by use of the CosmoTan mark and the VH® logo;

D.  holds that defendant LSI has diluted the distinctive quality of plaintiff's mark under federal and state law by its use of the CosmoTan mark and the VH® logo;

E. declares that the aforesaid unlawful acts were willful and performed with knowledge of plaintiff's exclusive rights in the United States to plaintiff's federally-registered "Cosmo" prefix and VHR trademarks and with knowledge that imitation of plaintiff's marks was intended to be used to cause confusion, or to cause mistake or to deceive;

F. enjoins, preliminarily and permanently, defendant LSI, its agents, servants, employees, partners, representatives, attorneys and all persons in active concert or participation with him, from engaging in the aforesaid unlawful acts, and from using the CosmoTan mark or any other name or mark confusingly similar to VHR® or the "Cosmo" prefix marks, on or in connection with advertising, marketing, offering for sale and/or sale of its goods and services, or any other goods or services related to tanning equipment, synthetic tanning or tanning lamps;

G. commands defendant LSI, pursuant to 15 U.S.C. § 1118, and its agents, servants, employees, partners, representatives, attorneys and all persons in active concert or participation with him, to deliver up for destruction all labels, sign, prints, packages, wrappers, receptacles, advertisements, business literature, and the like in their possession bearing the CosmoTan mark or the VH® logo or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

H. orders defendant LSI to account for all profits that it has realized through the aforesaid unlawful acts;

I. awards to Cosmedico all profits of defendant LSI which it has realized through the aforesaid unlawful acts, and all damages suffered by Cosmedico by reason of the aforesaid unlawful acts of defendant, and treble such award in view of the willfulness of defendant's acts;

J. awards to Cosmedico, pursuant to 15 U.S.C. § 1117, (1) defendant LSI's profits, (2) the damages sustained by Cosmedico, and (3) the costs of this action;

K. awards to Cosmedico trebled damages resulting from LSI's unfair business practices;

L.  awards to Cosmedico its reasonable attorney's fees, costs and prejudgment interest pursuant to 15 U.S.C. § 1117;

M.  assesses punitive damages against defendant LSI in an amount to be determined by this Honorable Court;

N.  assesses compensatory damages against defendant LSI as determined by this Honorable Court; and

O.  grants to Cosmedico such other and further judgment and relief as this Honorable Court shall determine to be fair and just.

## JURY DEMAND

Cosmedico demands a trial by jury on each and every triable issue of fact.

Respectfully submitted,

Cosmedico Light, Inc.,
By Its Attorney,

Dated: March 25, 2005

Dale A. Malone (BBO #552376)
Banner & Witcoff, Ltd.
28 State Street, 28th Floor
Boston, Massachusetts 02109
Tel: (617) 720-9600
Fax: (617) 720-9601
dmalone@bannerwitcoff.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
CLERKS OFFICE

2005 MAR 25 P 1:40

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. Title of case (name of first party on each side only)_____ Cosmedico Light, Inc. v. Light Sources, Inc. _____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ]   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   [ ]   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ]   IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,    05 10503 NMG
              690, 810, 861-865, 870, 871, 875, 900.

   [ ]   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                          YES [ ]    NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                          YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES [✓]    NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                          YES [✓]    NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [✓]      Central Division [ ]      Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]      Central Division [ ]      Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                          YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Dale A. Malone
ADDRESS   Banner & Witcoff, Ltd., 28 State Street, 28th Floor, Boston, MA 02109
TELEPHONE NO.   (617)720-9600

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)                          **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Cosmedico Light, Inc.

**DEFENDANTS**
Light Sources, Inc.

**(b)** County of Residence of First Listed Plaintiff   Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dale A. Malone, Banner & Witcoff Ltd.
28 State Street, 28th Floor, Boston, MA 02109 (617) 720-9600

Attorneys (If Known)

*FILED IN CLERKS OFFICE*
*2005 MAR 25 P 1: 40*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS*
*05 10589 NMG*

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1114, 1119 and 1120
Brief description of cause:
Trademark infringement and false or fraudulent trademark registration

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  March 25, 2005
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____