IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COSMEDICO LIGHT, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIGHT SOURCES, INC., <br><br> Defendant. | Civil Action No. 05-CV-10589-NMG |

**MEMORANDUM IN SUPPORT OF LIGHT SOURCES' MOTION TO
DISMISS, STAY OR TRANSFER TO THE FIRST-FILED FORUM**

Michael A. Albert, BBO #558566
Michael N. Rader, BBO # 646990
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8370

OF COUNSEL:

Arthur T. Fattibene
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
(203) 255-4400

TABLE OF CONTENTS

I. BACKGROUND ...................................................................................................................1

    A. The Parties ..................................................................................................................1

    B. The Accused Trademarks and Use Thereof on Light Sources' Lamps ....................2

    C. The First-Filed Connecticut Action..........................................................................3

    D. Cosmedico's Previous Belated Attempt To
       Secure a Massachusetts Forum Was Rejected ..........................................................4

    E. Cosmedico's New *Third*-Filed Massachusetts Action ............................................5

    F. The COSMO Prefix ..................................................................................................5

    G. The Asserted VHR Registered Mark .......................................................................6

II. ARGUMENT........................................................................................................................7

    A. This Case Should Be Dismissed, Transferred or Stayed .........................................7

       1. The First-to-File Rule ..................................................................................7

       2. The First-to-File Rule Is Dispositive In This Case .....................................9

       3. The Anti-Dissection Rule ..........................................................................10

       4. Quality Marks Or Grade Marks Are Not Protectable As Trademarks ......10

       5. In The Alternative to Dismissal, This Case Should Be
          Transferred in the Interests of Convenience and Justice ...........................11

    B. The Massachusetts Complaint Fails to State a Claim............................................12

III. CONCLUSION..................................................................................................................13

This case presents a straightforward application of the first-to-file rule. Because the subject matter of this case is substantially identical to that of a parallel, earlier-filed case between the very same parties in the District of Connecticut, this Court should dismiss, stay or transfer this case in the interests of judicial economy, convenience, and justice.

## I.  BACKGROUND

Currently pending in the United States District Court for the District of Connecticut is an earlier action between the same parties, filed May 16, 2003, entitled <u>Light Sources, Inc. and Tan Systems, Inc. v. Cosmedico Light, Inc.</u>, CA No. 3:03 CV 874 (MRK).[1] In the earlier-filed Connecticut action, Cosmedico asserts infringement of the same trademarks it has placed at issue here, i.e., its so-called "COSMO" prefix marks (COSMOLUX VHR and COSMOLUX VLR), and the VLR and VHR marks, as well as related federal and state claims of false designation, dilution and unfair competition claims. <u>See</u> Ex. A to the Declaration of Michael N. Rader at pp. A-154-160.[2]

### A.  **The Parties**

Light Sources is a prominent manufacturer of low-pressure ultraviolet tanning lamps and other gas discharge lamps. (A-5). Light Sources is one of only seven known manufacturers of such low-pressure ultraviolet sun tanning lamps. (A-189A – Depo. of Cosmedico's President, Jerry Frank). Light Sources manufactures ultraviolet sun tanning lamps as replacement lamps which are sold to distributor customers. Light Sources also manufactures and sells fluorescent tanning lamps worldwide to original equipment manufacturers (OEM) customers.

---

[1] The Connecticut action is at an advanced stage, with discovery reopened by the court. The Connecticut Court has also granted summary judgment in favor of Light Sources as to Cosmedico's Connecticut law unfair competition counterclaim (CGS 42-110B), which is similar to Cosmedico's Mass. Gen. L. ch. 93A counterclaim, asserted in Count XII of its complaint in this action.

[2] Attached as Exhibit A to Attorney Rader's declaration are the declarations of Christian Sauska and Arthur Fattibene, with attachments. For convenience of reference, the Sauska and Fattibene declarations and attachments thereto are numbered by page beginning with the letter A, and accordingly referenced in this brief.

Cosmedico was organized in 1992 as a Delaware corporation as a small marketing company, with an office in Weyland, Massachusetts, having only six (6) employees. (A-168). Cosmedico's market area is limited to only the United States and Canada (A-180). Cosmedico does not manufacture any tanning lamps. (A-170). Osram Sylvania supplies Cosmedico the lamps that bear the "COSMO" prefix trademarks being asserted by Cosmedico in both the earlier-filed Connecticut action and this action. (A-170-172). Cosmedico has not marketed any lamp bearing the alleged registered VHR® mark *per se* (A-174) or a VLR mark *per se*. Cosmedico admits that the registered VHR® mark is always used in association with the term Cosmolux or Cosmedico (A-174) or other marks such as Royal Sun. (A-189A, 189B).

Cosmedico admits that Light Sources never used the COSMOLUX VLR mark. (A-188).

Tan Systems, Inc., co-plaintiff in the Connecticut earlier action, was Light Sources' exclusive OEM distributor for the accused TURB0POWER tanning lamps. Tan Systems in turn sold the TURB0POWER lamps supplied by Light Sources to its customers under Tan Systems' own trademark TURB0POWER. The lamps supplied to Tan Systems also bore Light Sources' model designation FR-71T12-TLR 100 and FR-71T12-THR-160, which Cosmedico asserts infringes its VHR registered mark.

In February 2004, Tan Systems sold all the assets of its business to an unrelated third party distributor, Heartland Tanning. Tan Systems is no longer in the tanning business.

**B.     The Accused Trademarks and Use Thereof on Light Sources' Lamps**

Each accused tanning lamp Light Sources manufactures has indelibly etched thereon, or associated with the goods, the following markings:

In the first-filed Connecticut Action:



In the Massachusetts Action:



The multi-character lamp model numbers identified in the above markings are prominently associated with the name Light Sources, together with either Tan Systems' name and trademark TURB0POWER in the Connecticut action, or Light Sources' own brand name SIGNATURE SERIES in the above Massachusetts action, as indicated above. Moreover, the packing labels, required by FDA regulations, clearly identify Light Sources as the manufacturer.

C.   **The Firt-Filed Connecticut Action**

Between February 2003 and May 2003, Cosmedico sent threatening letters to Tan Systems and Light Sources, asserting that its federally registered marks VHR® and VLR® and the "COSMO" prefix marks (COSMOLUX VHR and COSMOLUX VLR) were being infringed by the use of the letters "THR" and "TLR" imprinted as part of a thirteen-character model designation on the lamps Light Sources supplied exclusively to Tan Systems (A-240, 241, 243, 244, 247, 248).

- 3 -

After several failed efforts to convince Cosmedico that its charges were baseless (A-242, 245, 249), Light Sources filed a declaratory judgment action in the U.S. District Court for the District of Connecticut on May 16, 2003, seeking a declaration (a) that the lamps manufactured by Light Sources marked with the letters "THR" and "TLR" as part of a thirteen-character lamp model number do not infringe Cosmedico's asserted registered VHR® mark and/or the "COSMO" prefix marks, and (b) that the VHR® mark is invalid and unenforceable because of the inequitable conduct in securing the VHR registration.

The Connecticut action also seeks cancellation of the VHR registered mark as being a generic or descriptive acronym widely used in the tanning industry to describe the physical characteristics of the associated lamps, and because Cosmedico has never used the registered VHR mark, *per se*, to indicate origin of source. (A-62-84). Cosmedico admits that the VHR mark is always used in conjunction with other marks. (A-174, 189A, 189B). Osram Sylvania confirmed this in writing (A-251).

By way of counterclaims (A-150-160) in the first-filed Connecticut action, Cosmedico asserts infringement of the same trademarks that it asserts in this case.

### D. Cosmedico's Previous Belated Attempt To Secure a Massachusetts Forum Was Rejected.

After learning of Light Sources' first-filed Connecticut action, Cosmedico filed a belated Massachusetts action captioned Cosmedico Light, Inc. v. Tan Systems, Inc., 03-CV-01962 (WGY) on or about May 23, 2003, asserting that Tan Systems' TURB0POWER branded lamps, supplied by Light Sources, infringed Cosmedico's alleged registered VHR mark (A-83) and the "COSMO" prefix marks, COSMOLUX VHR and COSMOLUX VLR marks, together with claims for false designation of origin under federal law 15 U.S.C. § 1125(a), trademark dilution under federal law 15 U.S.C. § 1125(c), trademark infringement under common law, and trademark dilution under Massachusetts state law. (A-115-137).

Tan Systems moved to dismiss, stay or transfer Cosmedico's action in view of the earlier-filed Connecticut case, and Judge Young administratively closed Cosmedico's action. (A-138).

On January 19, 2004, in answer to Light Sources and Tan Systems Second Amended Complaint (A-62-84) in the first-filed Connecticut action, Cosmedico asserted as counterclaims (A-150-160) essentially the same causes of action that Cosmedico had pleaded in the second-filed, administratively-closed Massachusetts action. (A-115-137).

### E. Cosmedico's New *Third*-Filed Massachusetts Action.

In this later-filed Massachusetts action, Cosmedico is again asserting trademark infringement under both federal law and common law, dilution under federal law and Massachusetts law, false designation of origin under federal law and Massachusetts state law with respect to its alleged VHR registered mark. These claims are substantially similar to Cosmedico's counterclaims (A-150-160) pleaded in the first-filed Connecticut action.

In addition, Cosmedico now asserts that Light Sources' federally-registered trademark COSMOTAN, Reg. No. 2,785,065 (A-229, 230), is confusingly similar to the "prefix COSMO portion" of Cosmedico's COSMOLUX VLR, COSMOPOWER, COSMOLUX ESP, COSMOSTAR and COSMOLUX trademarks (A-232, 233, 234, 237, 239), coupled with similar claims of dilution, false designation and unfair competition under both federal and state law.

### F. The COSMO Prefix

"Cosmo" is a well-known dictionary prefix combining form from Greek meaning: cosmos; world. See Webster Unabridged Dictionary (A-165).

A computer search (A-192-211), current as of April 29, 2005, shows that there are some 339 live registered marks and pending applications for marks containing the prefix "COSMO" for a variety of goods and services, negating any claim to exclusive trademark rights in such prefix.

In international class 011 alone (A-212-217), in which Cosmedico's asserted COSMOPOWER, COSMOLUX VLR, COSMOLUX ESP, COSMOSUN, trademarks are classified, there are 16 live registrations and trademark applications that include the common prefix "COSMO", including Light Sources' own registered mark COSMOTAN (A-229).

A number of Cosmedico's registrations with the "COSMO" prefix, e.g., COSMOTRONIC No. 1,873,744 (A-236) and COSMOPOWER No. 1,919,520 (A-235) have been canceled. (A-212) (l-19, 20). Such cancellations of "COSMO prefix" marks by Cosmedico mitigates any alleged "family of marks" value. The prefix "COSMO" is certainly not distinct. See American Standard, Inc. v. Scott & Fetzer Co., 200 U.S.P.Q. 457 (T.T.A.B. 1978).

A further search (A-224-228) of the registered marks shows that others have used the prefix "COSMO" for distinctive trademarks. Hearst Communications, Inc. currently has some 61 "COSMO" prefix registered marks and trademark applications for a variety of goods, including goods classified in international class 011. (A-213, 214, 216, 217).

### G. The Asserted VHR Registered Mark

VHR is a well known acronym that has been used throughout the tanning industry to describe the physical attributes of any tanning lamp that generates a very high output having a reflector for optimizing the lamp's tanning ability. See Declaration of Mr. Sauska and the exhibits attached thereto (A-5-56). Mr. Frank testified on deposition that Cosmedico never used the mark VHR by itself to indicate origin of source. Cosmedico always used VHR in conjunction with some other mark. (A-174, 251). Cosmedico's use of the letters VHR and VLR is as a grade mark to distinguish one "grade" of its house brand COSMOLUX lamp from another grade of its COSMOLUX brand lamps (A-84), and not as a trademark for indicating origin of source.

## II. ARGUMENT

### A. This Case Should Be Dismissed, Transferred or Stayed.

#### 1. The First-to-File Rule

Under First Circuit law, "[w]here identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). See also GSI Lumonics, Inc. v. Biodiscovery, Inc., 112 F. Supp.2d 99, 104 (D. Mass. 2000) (Young, C.J.) (citing Cianbro and upholding first-to-file rule).

Thus, "[w]here the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996). This is equally true whether the first-filed action is one for declaratory judgment or some other relief. The Holmes Group, Inc. v. Hamilton Beach / Procter Silex, Inc., 249 F. Supp.2d 12, 15 (D. Mass. 2002) ("[T]he first-filed action is generally preferred, even if it is a request for declaratory judgment."); GSI Lumonics, 112 F. Supp.2d at 105 ("The fact that GSLI's action is for declaratory relief does not bar the application of the first-filed presumption.").

The rationale behind the first-to-file rule is to conserve judicial resources and to avoid conflicting judgments. TPM Holdings, 91 F.3d at 4. District courts' discretion to defer to their sister courts pursuant to this rule stems from "the power inherent in every court to control the disposition of the causes on its docket." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

In deferring to the court that obtained jurisdiction first, the court in which the second suit is brought has three options: **dismiss, stay or transfer** the second-filed suit.[3]

---

[3] The Court may also administratively close the second action, as it did in Cosmedico Light, Inc. v. Tan Systems, Inc., 03-CV-01962 (WGY) as noted above. (A-138 ).

- 7 -

The situation arises frequently in the context of trademark infringement allegations. Courts in such cases have made use of all three procedural options in deferring to a first-filed declaratory judgment action. The situation arises frequently in the context of trademark infringement allegations, and courts in such cases have made use of all three procedural options in deferring to a first-filed declaratory judgment action. E.g., Plantronics, Inc. v. Clarity LLC, 2002 WL 32059746 (E.D. Tenn. 2002) (granting motion to **transfer** second-filed trademark infringement case to forum of first-filed declaratory judgment action); Ed Tobergate Assoc., Inc. v. Zide Sport Shop of Ohio, Inc., 83 F. Supp.2d 1197 (D. Kan. 1999) (granting motion to **stay** second-filed trademark infringement case pending outcome of first-filed declaratory judgment action); Levi Strauss & Co. v. Seattle Pacific Indus., Inc., 1998 U.S. Dist. Lexis 4261 (N.D. Cal. 1998) (granting motion to **transfer** second-filed trademark infringement case to forum of first-filed declaratory judgment action); J. Lyons & Co. Ltd. v. Republic of Tea, Inc., 892 F. Supp. 486 (S.D.N.Y. 1995) (granting motion to **dismiss** second-filed trademark infringement case against three defendants in favor of first-filed declaratory judgment actions); Jack Schwartz Shoes, Inc. v. Burger King Corp., 24 U.S.P.Q.2d 1791 (S.D.N.Y. 1992) (granting motion to **stay** second-filed trademark infringement case).

The earlier- and later-filed cases need not be identical. "Substantial overlap" of the issues and parties triggers the first-to-file rule. Veryfine Prods., Inc. v. Phlo Corp., 124 F. Supp.2d 16, 26 (D. Mass. 2000) (Young, C.J.) (stay of second action appropriate where there is a "likelihood of substantial overlap" between suits); Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947, 951 (5th Cir. 1997) ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action."); Meeropol v. Nizer, 505 F.2d 232, 235 (2d Cir. 1974) (Rule applies "even where the parties in the two actions are not identical.").

Thus, the First Circuit has explained that "where the overlap between cases is less than complete, the judgment [to defer to the court in the first-filed forum] is made … based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." TPM Holdings, 91 F.3d at 4.  These factors strongly favor deferral by this Court to the First-Filed Suit in the District of Connecticut.

### 2. The First-to-File Rule Is Dispositive In This Case.

The factual and legal issues raised in the earlier-filed Connecticut action and this Massachusetts action are virtually identical.

In the Connecticut action, Light Sources seeks a declaratory judgment that the accused marks on the lamps Light Sources supplies do not infringe Cosmedico's registered VHR or the "COSMO" prefix COSMOLUX VLR or COSMOLUX VHR marks, and that Cosmedico's asserted registered VHR mark is invalid and unenforceable. (A-68, 72, 77-79).

In the suit at bar, Cosmedico alleges trademark infringement, dilution, and false designation of origin, based on Light Sources' related use of the letters VH as part of a multiple character lamp model number similar in nature as to the accused marks in the Connecticut action and upon Light Sources' use of its own federal registered trademark COSMOTAN. (A-229).

The same or related Cosmedico marks are being asserted in both cases as applied to virtually the same goods, creating substantial "overlap" between the cases. TPM, 91 F.3d at 4.

Cosmedico's counts pleaded in this action could have and should have been pleaded (if at all) as counterclaims in the earlier Connecticut action.  Cosmedico's claims in this Massachusetts action are merely parroting the type of counterclaims asserted in the earlier Connecticut action.[4]

---

[4] In the Connecticut action, the validity and unenforceability of Cosmedico's VHR mark are in issue.  In the event the Connecticut Court determines that the VHR mark is invalid or unenforceable, Counts 8 to 12 in this Massachusetts action are rendered moot.

The filing of counterclaims in a separate action "contravene[s] the purpose of the Rule … waste judicial resources, and unduly burdens the litigation process." Such claims should not go forward in a separate, parallel forum. Jack Schwartz Shoes, 24 U.S.P.Q. 2d at 1793-94 (**staying** second-filed case where allegations were compulsory counterclaims in first-filed suit). Permitting similar claims to go forward in two parallel suits would only lead to waste of judicial resources, and create a material risk of conflicting judgments, as two courts would have to grapple with precisely the same legal and factual issues. The primary parties of interest and subject matter in both actions are the same.

### 3.  The Anti-Dissection Rule

It is established that conflicting composite marks are to be compared by looking at them as a whole, rather than breaking the marks into their component parts and comparing component parts. This is because the commercial impression imprinted on the mind of an ordinary prospective buyer is created <u>by the mark as a whole that is important</u>, and <u>not by the component parts thereof</u>. E.g., Estate of P.D. Beckwith, Inc. v. Commissioner of Patents, 252 U.S. 538, 544-46 (1920); In Re Oppedahl & Larson LLP, 71 U.S.P.Q. 2d 1370 (Fed Cir 2004); Jet, Inc. v. Sewage Aeration Systems, 49 U.S.P.Q. 2d 1355 (6th Cir 1999).

### 4.  Quality Marks Or Grade Marks Are Not Protectable As Trademarks.

Cosmedico's use of the alleged trademark VHR is that of a grade mark, which is not protectable. In Manufacturing Co. v. Trainer, 101 US 51, 54 (1974), the Supreme Court noted that: "a right to the exclusive use of a word, letter or symbols, to indicate merely the quality of the goods to which they are affixed cannot be acquired."

As discussed above, Cosmedico's mark VHR is merely being used to distinguish one quality of its COSMOLUX branded lamps, i.e., a very high reflector output lamp, from a COSMOLUX branded lamp of a lower reflector output lamp. (A-84). Pfizer, Inc. v. Astra, 33 U.S.P.Q. 2d 1545 (SDNY 1994); Arrow Fastener Co. v. Stanley Works, 59 F.3d 384, 388 n.1 (2nd Cir 1995).

### 5. In The Alternative to Dismissal, This Case Should Be Transferred in the Interests of Convenience and Justice.

In the alternative to dismissing this case, the Court may, in its discretion, transfer this case in the interest of convenience and justice, pursuant to 28 U.S.C. §1404(a).

There is no question that this action "could" have been brought in the District of Connecticut in the first instance – Light Sources is located there and it is its home state. The remaining consideration is whether the relevant convenience factors and the interest of justice favor transfer. They do. The Connecticut Court has been supervising the progress of the Connecticut action for almost two years (A-85-98), and is most familiar with the facts and issues, and has even entered rulings directed to the merits (A-99-114).

The relevant factors to be considered in determining the "convenience" of transfer include the convenience of the parties and the witnesses, the location of relevant documents and tangible evidence, and the location of non-party witnesses. E.g., Veryfine, 124 F.Supp.2d at 24.

The relevant documents and tangible evidence relating to the alleged infringing acts occurred in Connecticut. Evidence relevant to the use of the accused marks is located with Light Sources.

As Light Sources is located in Connecticut and Cosmedico is located in Massachusetts, the "convenience of the parties" factor is neutral as between the District of Connecticut and the District of Massachusetts.

-

It should also be noted that the first-filed forum is relevant to the convenience analysis because it is presumed to be a convenient forum for the litigation – particularly when it is the home forum of Light Sources. The Holmes Group, 249 F.Supp.2d at 71 ("Where a plaintiff chooses his home forum, such a choice usually represents considerations of convenience.").

### B.     The Massachusetts Complaint Fails to State a Claim.

Count I of the complaint in this case alleges that Light Sources fraudulently obtained its COSMOTAN Registration 2,785,065 (A-229). Count I does not state with particularity the circumstances constituting the alleged fraud as required by Fed. R. Civ. P. 9(b). Lacking any particulars of the alleged fraud, Count I is subject to dismissal unless a more particular recitation of acts constituting the alleged fraud are pleaded.

Count III fails to state a cause of action, as Light Sources' COSMOTAN mark is a duly registered mark. In the expert opinion of the U.S. Patent and Trademark Office, COSMOTAN was not considered confusingly similar to the asserted "COSMO prefix" registered marks. Under the trademark laws, the fact that a prior mark of like kind has been registered does not invalidate a subsequent registered mark. Flintkote Co. v. Tizer, 158 F.Supp. 699 (E.D. Pa. 1957), affirmed, 266 F.2d 847 (3d Cir.). Light Sources' freedom of use of its registered COSMOTAN mark is equal to Cosmedico's freedom of use of the asserted "COSMO prefix" marks, in view of the large number of other existing "COSMO prefix" registered marks (A-192-211).

Count III is also vague and ambiguous as the allegations do not specifically identify which of the asserted "COSMO prefix" marks are alleged to be infringed. The anti-dissection rule precludes Cosmedico from any exclusive rights to such an established and common "COSMO prefix". American Standard, supra. Cosmedico, absent any use of the "COSMO prefix" as a mark *per se* for indicating origin of source of any product, cannot acquire any exclusive use of the prefix "COSMO". Pfizer v. Astra, supra.

Count VII fails to state a cause of action. Light Sources' accused COSMOTAN mark is a duly issued U.S. registration. Such registration "is a complete bar to an action against that person with respect to that mark, that is brought by another person under the common law or statute of a State and that seeks to prevent dilution of the distinctiveness of a mark, label, or form of advertising." 15 U.S.C. 1125(c)(3).

Count XII alleges unfair competition under Chapter 93A. In the first filed Connecticut action, in Counterclaim V (A-158-160), Cosmedico asserted a claim of unfair competition under Connecticut Unfair Competition Act 42-110B, which is virtually identical to Massachusetts' Chapter 93A. The Connecticut Court granted Summary Judgment in favor of Light Sources on this claim. Count XII is baseless and barred by *res judicata*.

Finally, asserted marks COSMOSTAR (A-237) and COSMOLUX (A-239) are owned by parties not joined in this action, which is grounds for dismissal under Fed. R. Civ. P. 19.

### III. CONCLUSION

For the above reasons, this case should be dismissed. In the alternative, the case should be transferred to the first-filed Connecticut forum, or stayed pending resolution of that case by the Connecticut court.

Respectfully submitted,

LIGHT SOURCES, INC.,

By its counsel,

Dated: May 19, 2005

/s/ Michael N. Rader
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8370

- 14 -

OF COUNSEL:

Arthur T. Fattibene
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
(203) 255-4400