## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| Cosmedico Light, Inc., | ) | |
| Plaintiff, | ) | Civ. Act. No. 05-CV-10589 (NMG) |
| | ) | |
| vs. | ) | |
| | ) | |
| Light Sources, Inc., | ) | |
| Defendant. | ) | |

---

## COSMEDICO'S OPPOSITION TO DEFENDANT'S MOTION TO STAY, TRANSFER OR DISMISS THE COMPLAINT

**I.     Introduction**

This action seeking cancellation of a fraudulently procured trademark registration and relief from defendant's acts of trademark infringement infringe was properly filed in this Court by the plaintiff, Cosmedico Light, Inc. ("Cosmedico").  The present motion to dismiss, transfer or stay amounts to no more than a stalling maneuver by the defendant, Light Sources, Inc. ("Light Sources"), and should be denied.

The "first-to-file" rule has nothing whatsoever to do with this case.   The Connecticut litigation on which Light Sources bases this motion involves different parties and different issues.  In fact, the only issue arguably common to both actions – the validity of Cosmedico's VHR® federal trademark registration – is an issue that the Connecticut court has already ruled that Light Sources is barred (by *res judicata*) from contesting.

Light Sources' remaining arguments to avoid answering to this Court for its wrongful acts are equally specious.  For example, Light Sources criticizes the sufficiency of some of

Cosmedico's pleading in the Complaint, but demands a wholly inappropriate remedy for the alleged defects.  Defendant's other attacks on the various counts of the Complaint are directed to the merits of the pleaded causes of action, and should not be determined in the context of this motion.

## II.     Background Facts

### A.     The Parties

Cosmedico and Light Sources are direct competitors in the business of selling and distributing ultraviolet suntanning lamps, both to the manufacturers of suntanning beds ("OEMs") and to distributors of replacement lamps ultimately sold to suntanning salons. Cosmedico is located in Weymouth, Massachusetts (not "Weyland" as alleged by defendant) and markets a broad range of ultraviolet lighting products.  Together with its parent company, Cosmedico Licht of Stuttgart, Germany, Cosmedico is the largest provider of sunlamps and power systems for ultraviolet equipment in the world.

Cosmedico has made significant investments in developing market awareness of its various lamps and other suntanning products, and has filed for and received federal trademark registrations for many of its brand names.  A copy of a recent Cosmedico catalog, depicting many of the VHR® and "Cosmo-" branded products offered by Cosmedico is attached at Tab 1.

### B.     The Trademarks in Suit Here

The causes of action set forth in the Complaint arise out of Light Sources' predatory attacks on Cosmedico's two most important trademark rights.  As illustrated in Cosmedico's catalog (Tab 1), a large majority of Cosmedico's products are branded with names that include the word root "Cosmo-", including CosmoStar® and CosmoSun™ lamps (Tab 1, p.8),

CosmoTech® quartz lamps (p. 10), CosmoPower® ballasts and ignitors[1] and CosmoStart/E® electronic starters (p. 11). Cosmedico also uses the group mark CosmoLux® in connection with many of its products to further strengthen the association between those products and Cosmedico. Within the suntanning industry, the "Cosmo-" prefix has become synonymous with Cosmedico.

Cosmedico also owns the federal trademark registration for its VHR® brand of suntanning lamps. That registration issued on December 30, 1997, after Light Sources agreed to dismiss *with prejudice* its formal opposition, filed in the United States Patent and Trademark Office, against Cosmedico's trademark registration application.

### C.    Light Sources' Infringements of Cosmedico's Valuable Trademarks

As set forth in the Complaint, Light Sources has attacked Cosmedico's valuable trademark rights by (i) fraudulently obtaining a federal trademark registration for the alleged mark "CosmoTan" in order to dilute the strength of Cosmedico's many "Cosmo-" brand names and trademarks and foment confusion in the market; and (ii) by transforming the designation of its very high output reflector lamps from "VHO-R" which is recognized in the suntanning industry as a generic designation of this class of products, to "VH®" in order to pirate the goodwill developed by Cosmedico in its VHR® trademark.

---

[1]    Light Sources deceptively states that Cosmedico's Registration No. 1,919,520, covering the CosmoPower® mark, was cancelled by the Trademark Office, but ignores the fact that Cosmedico owns another federal registration, No. 2,907,881, (copy attached at Tab 2) for the same mark, *as specifically pleaded in the Complaint*. Moreover, as Cosmedico's product line has evolved over many years, new "Cosmo-" brands have been introduced, while some, such as "CosmoTronic," are no longer employed. Such an evolution does not detract, of course, from the distinctiveness of Cosmedico's "Cosmo-" family of brands.

### D.    The Connecticut Litigation Involves Different Parties, Different Marks and Different Issues

In 2003, Light Sources filed suit against Cosmedico in the District of Connecticut over Cosmedico's objections to the marketing by Tan Systems, Inc., at the time a regional distributor of suntanning products in the southeastern United States, of suntanning lamps designated as "THR" and "TLR" lamps. Those lamps, manufactured for Tan Systems by Light Sources, were marketed as substitutes for Cosmedico's established and well-known VHR® and VLR™ brand lamps.[2] Tan Systems was subsequently added as a co-plaintiff in that action in order to overcome a jurisdictional defect in the pleadings.

Tan Systems is not a party to this action, and is in no way involved in any of the acts alleged in the Complaint. The infringing THR and TLR marks now before the Connecticut court have no bearing on any of the issues to be decided here. Similarly, Light Sources' fraudulent CosmoTan registration and its infringing VH® mark, which form the basis of the action in this Court, are not implicated in the Connecticut suit. At the time the pleadings in the Connecticut action closed, Cosmedico was unaware of the fraudulent CosmoTan registration. Cosmedico also did not learn of Light Sources adoption of the infringing VH® mark until this year, long after the pleadings in the Connecticut action were closed.[3]

The present suit is in no way a "third-filed" action. It is the *only* action involving the products and causes of action identified in the Complaint. The only elements common to both

---

[2]    Tan Systems has since left the suntanning business, selling its assets to another distributor, Heartland Tanning, which has no interest in perpetuating the infringing conduct. As Tan Systems was Light Sources' only customer for the infringing THR/TLR lamps, they are no longer being produced or sold.

[3]    Light Sources does not state in its motion papers when it commenced this infringing conduct. Accordingly, Cosmedico and this Court are left without information sufficient to assess the truth of Light Sources' contention that the causes of action directed to this infringement could have been brought in the Connecticut action.

lawsuits are the two parties here, Cosmedico and Light Sources, and Cosmedico's VHR®
trademark registration.  However, the infringement issues based upon that trademark registration
(THR in Connecticut, VH® here) are completely unrelated.  Most importantly, the Connecticut
court has ruled that "Light Sources' claims that directly concern Cosmedico's right to register the
"VHR" mark are barred by *res judicata*."  (March 4, 2005 Ruling and Order at p. 12, copy
attached at Tab 3).  Thus, Light Sources is legally estopped from attacking the registrability of
Cosmedico's VHR® trademark due to Light Sources' acquiescence in the validity of the
trademark in the Trademark Office.  There is no overlap among the issues actually to be tried in
the two actions.


**III.    Light Sources is Not Entitled to Dismissal, Stay or Transfer of This Action**

Because there is no overlap of the issues to be tried, it would be inappropriate and
judicially inefficient to stay, transfer or dismiss this action "in favor" of the Connecticut action.
The fraudulent CosmoTan registration is unrelated to any issue to be tried in Connecticut.  Nor
are Cosmedico's "Cosmo-" prefix trademarks relevant to the issues to be tried there.  The
infringement issues before the Connecticut court involve marks (THR and TLR) unrelated to this
action, used by a party (Tan Systems) unrelated to the parties here.

As admitted by Light Sources, the Connecticut litigation has already progressed to an
advanced stage.  Discovery in that suit will close on July 1.  The Connecticut court has scheduled
final pretrial conference, jury selection and trial dates (*see* Order attached at Tab 4) for
September and October of this year.  Transfer of this action would accomplish no more than to
derail the established trial schedule.

The factual posture of these two lawsuits readily reveals Light Sources' cited case law to
be inapposite.  The <u>Cianbro</u> decision cited by Light Sources is applicable to "identical actions."
814 F.2d at 11.  These two actions are clearly not identical.  Similarly, the <u>TPM Holdings</u> case

cited by Light Sources applies "[w]here the overlap between the two suits is nearly complete." 91 F.3d at 4.  Here, the overlap is tangential at best.

The stated rationale for the first-to-file rule; namely, the desire to conserve judicial resources and avoid conflicting judgments, provides no justification for Light Sources' demanded relief.  Nothing would be gained by staying this action while the Connecticut case is tried.  Nothing to be decided in that trial will have any impact on the issues in suit here.

In the absence of any *real* "first-to-file" issue, the case law cited by Light Sources regarding the plaintiff's choice of forum strongly supports Cosmedico's right to prosecute this action in this Court.

## IV.    Cosmedico's Complaint Sets Forth Valid Causes of Action

Like its suggestion that the two pending lawsuits are "identical," Light Sources' assorted attacks on the individual counts of Cosmedico's Complaint are built on a foundation of sand.

### A.    Count I of the Complaint Satisfies the Pleading Requirement of Rule 9(b)

Light Sources criticizes Cosmedico's pleading (in Count I of the Complaint) of fraud in Light Sources' procurement of the CosmoTan trademark registration.  However, the relevant facts supporting the count are stated with particularity in the Complaint.  Specifically, Cosmedico's Complaint avers that:

-    Light Sources has adopted and used a mark (CosmoTan) that is intentionally and confusingly similar to plaintiff's "Cosmo" prefix marks in interstate commerce, on or in connection with goods and services defendant allegedly advertised, marketed, offered for sale and/or sold throughout the United States.  (Complaint, ¶15);

-    Light Sources filed with the United States Patent and Trademark Office, an application for registration of the "CosmoTan" mark  (Complaint, ¶16);

-    At the time it applied for registration of the CosmoTan mark, Light Sources had not used the mark in commerce.  As required by the trademark statute and rules, the

application was accompanied by a declaration that Light Sources was legally entitled to use the CosmoTan mark in commerce, that it had a bona fide intention to use the CosmoTan mark in commerce, that the facts recited in the application were accurate, and that no other person or entity had the right to use the CosmoTan mark "either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. §1051(b). The declaration accompanying LSI's application was signed by David N. Myers, who was at that time LSI's Director of Administration. (Complaint, ¶17);

- At that time, Light Sources had no good faith belief that it was entitled to use the CosmoTan mark in commerce, in view of the prior long, open and notorious use by Cosmedico of its various "Cosmo" prefix marks in the market. Nor did Light Sources have, as of June 28, 2002, a bona fide intention to use the CosmoTan mark in commerce, and instead had submitted the application for the primary purpose of causing undue expense and inconvenience to Cosmedico, and to damage the substantial goodwill created by Cosmedico in its brand names and trademarks. (Complaint, ¶17);

- To Cosmedico's knowledge and belief, Light Sources has never openly used any mark containing the "Cosmo" prefix in connection with any of its own products. As of June 28, 2002, neither Light Sources generally, nor Mr. Myers in particular, could reasonably have formed a good faith belief that no other person or entity had the right to use the CosmoTan mark "either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive" within the meaning of 15 U.S.C. §1051(b). Therefore, Mr. Myers' declaration submitted in support of the CosmoTan application was materially false. (Complaint, ¶18);

- In the course of examining the CosmoTan application, the trademark examining attorney conducted an electronic search on September 29, 2002, to determine if similar or

identical marks had previously been registered.  A copy of the examining attorney's search report was provided to Light Sources and appears in the public file of the trademark application.  The search report indicates that the trademark examining attorney searched for marks having the words or word roots "Tan", "tanning", "ultraviolet", "ultra violet"  and "world,"but did not search for marks containing the word root "Cosmo." Because the "Cosmo" prefix is the dominant portion of the CosmoTan mark, it is readily apparent that the examining attorney erred in failing to search for other marks containing that word root.   Despite this clear and obvious error, Light Sources allowed the CosmoTan trademark registration to issue without advising the examining attorney either of his search error or of the many "Cosmo" prefix marks known to LSI to have been used previously by Cosmedico. (Complaint, ¶19)

-       Under the trademark statute and rules, an applicant prosecuting an "Intent To Use" trademark registration application must file a verified Statement of Use within a prescribed period following the trademark office's notice of allowance of the application before the registration will be granted.  15 U.S.C. §1051(d). The Statement of Use must specify the date of the first use of the mark in commerce on or in connection with the goods or services described in the notice of allowance, and must include a specimen of the mark as used on or in connection with the goods.  Light Sources filed a Statement of Use in support of its application for the CosmoTan mark on or about August 5, 2003, alleging a first use of the CosmoTan mark in commerce on June 30, 2003.  The Statement of Use was signed by Light Sources' attorney, Paul A. Fattibene. (Complaint, ¶20)

-       As of June 30, 2003, Light Sources was not offering for sale in commerce any goods bearing the CosmoTan mark.  Rather, the specimen of the mark submitted by Light Sources with its Statement of Use was prepared specifically and solely for the purpose of obtaining the federal trademark registration applied for on June 28, 2002.  Accordingly, Mr. Fattibene's verified Statement of Use was materially false.  Based on the false representations of Mr. Myers and Mr. Fattibene, the United States Patent and Trademark

Office granted to LSI trademark Registration No. 2785065 on November 18, 2003. (Complaint, ¶21)

Light Sources provides no hint in its motion papers as to what further recitation of facts could possibly be required in order to state a valid cause of action. By the clear letter of the rule, of course, intent with respect to fraudulent conduct may be averred generally. Fed. R. Civ. P. 9(b). Count I of Cosmedico's Complaint states a full and valid cause of action.

Even if Cosmedico's pleading failed (which it does not) to provide sufficient detail of the fraudulent conduct to satisfy Rule 9(b), Light Sources would not be entitled to dismissal of the count. Rather, the appropriate remedy for such a deficiency is to require amendment of the pleading. *See, e.g., Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986); Fed. R. Civ. P. 15(a).

**B.    Count III of the Complaint Properly Alleges Infringement of Cosmedico's "Cosmo-" Trademarks**

Count III of the Complaint alleges infringement by Light Sources of the Cosmedico "Cosmo-" prefix trademarks. Light Sources suggests that the allowance of the CosmoTan registration application by the Trademark Office provides some sort of absolute immunity from trademark infringement liability. However, the lone case cited by Light Sources to support this proposition, *Flintkote Co. v. Tizer*, 158 F. Supp. 699 (E.D. Pa. 1957), does not so hold. That case states merely that a prior registration of a mark does not preclude a later registration, where there is no likelihood of confusion based on the facts presented to the Trademark Office. It does not hold that the registration constitutes evidence (rebuttable or not) that the later registrant has a legal right to use the registered mark in commerce in spite of other existing trademarks not disclosed to or considered by the Trademark Office.

Indeed, as Light Sources itself argued to the Connecticut court, and as that court held in its March 4, 2005 Ruling and Order, the jurisdiction of the Trademark Office in considering an application for registration (including, if presented, an *inter partes* opposition to the application) is "limited to whether one has the right to register a mark, and not whether one has the right to

exclusive use of the mark in practice." (Tab 3, at p. 11)  Thus, the (erroneous) allowance of Light Sources' CosmoTan registration application in no sense constitutes an official endorsement of Light Sources' alleged right to use the mark in derogation of Cosmedico's many "Cosmo-" trademarks.[4]

Light Sources also suggests that Count III is impermissibly vague because it does not expressly state *which* of Cosmedico's "Cosmo" prefix trademarks are alleged to be infringed. However, the relevant Cosmedico trademark registrations are identified in the Complaint at Paragraph 8, which is incorporated by reference into Count III of the Complaint.  Again, however, even if it were unclear which trademarks are infringed, the appropriate remedy would be a required amendment of the pleading, not an outright dismissal.

**C.    Count VII of the Complaint States A Proper Cause of Action for Trademark Dilution**

Light Sources incorrectly asserts that its CosmoTan trademark registration constitutes a complete bar to an action, like Count VII, for trademark dilution brought under 15 U.S.C. §1125(c).  It appears that Light Sources has intentionally omitted the key word of the statutory provision from which it claims this "bar" to arise.  Specifically, Section 1125(c)(3) provides that "[t]he ownership by a person of a *valid* registration . . . shall be a complete bar to an action against that person . . .".  It is abundantly clear that Cosmedico's Complaint alleges that the CosmoTan registration is *not* valid.  Count II of the Complaint expressly seeks cancellation of the registration.  Light Sources' characterization of its registration as "duly issued" is a thinly veiled attempt to deceive this Court.

---

[4]    Light Sources' characterization (at p. 12 of its brief) of the effect of "other existing 'Cosmo prefix' registered marks" on the parties' respective trademark rights presents a question of fact to be determined at trial.

**D.    Count XII of the Complaint States a Proper Cause of Action for Unfair Competition**

Contrary to Light Sources' contention, the factual basis for Cosmedico's unfair competition claim in this action is different from that raised in the Connecticut litigation.  In Connecticut, the court construed Cosmedico's unfair competition claim to be based upon Light Sources' filing of a complaint attacking the validity of Cosmedico's VHR® trademark registration when such an attack is barred by *res judicata*.  That act is not mentioned at all in the Complaint filed in this Court.

Rather, Cosmedico's chap. 93A claim in this litigation is based upon the acts of Light Sources described in the present Complaint, as expressly stated in Paragraph 76 of the Complaint:

> 76.    *LSI's acts as described herein* constitute unfair competition in violation of ch. 93A, M.G.L.A.  These acts of defendant are causing and will continue to cause Cosmedico both monetary loss and immediate and irreparable harm for which there is no adequate remedy at law.

(emphasis added). Specifically, those acts involve Light Sources' fraudulent procurement of the invalid CosmoTan registration, and the intentional imitation of the VHR® trademark, which acts amount to a coordinated and predatory attack on Cosmedico's trademark rights for the purpose of gaining an unfair competitive advantage.  Contrary to Light Sources' contentions, this chap. 93A claim is *not* "virtually identical" to the unfair competition count in the Connecticut action. It is *not* baseless.  And it is *not* "barred by res judicata."

**V.    Conclusion:  Light Sources' Motion Must Be Denied**

For the reasons set forth herein, it is clear that Light Sources is not entitled to any of the relief it now demands.  This action is unrelated to the Connecticut litigation, and should not be dismissed, stayed or transferred in view of that case.  The counts of Cosmedico's Complaint in this Court are supported by full and proper allegations, and will be established by ample proof at

trial.  Light Sources' motion, filed for the sole purpose of delay, is frivolous and should be denied in its entirety.

Respectfully submitted,

Cosmedico Light, Inc.,
By Its Attorney,

Dated: June 2, 2005                           /s/ Dale A. Malone
                                             Dale A. Malone (BBO #552376)
                                             Banner & Witcoff, Ltd.
                                             28 State Street, 28th Floor
                                             Boston, Massachusetts 02109
                                             Tel:  (617) 720-9600
                                             Fax: (617) 720-9601
                                             dmalone@bannerwitcoff.com

Int. Cl.: 11

Prior U.S. Cls.: 13, 21, 23, 31 and 34

United States Patent and Trademark Office

Reg. No. 2,907,881

Registered Dec. 7, 2004

## TRADEMARK
### PRINCIPAL REGISTER

# CosmoPower

COSMEDICO LIGHT, INC. (DELAWARE COR-
PORATION)

233 LIBBEY IND. PARKWAY

WEYMOUTH, MA 02189

FOR: LIGHTING PARTS, NAMELY LAMPS,
FLOURESCENT TUBES AND BALLASTS, IN CLASS
11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 11-29-1993; IN COMMERCE 11-29-1993.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,365,407, 2,788,198
AND OTHERS.

SER. NO. 76-540,434, FILED 8-14-2003.

AISHA CLARKE, EXAMINING ATTORNEY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

LIGHT SOURCES, INC.,                    :
and TAN SYSTEMS, INC.,                  :
                                        :
              Plaintiffs,               :        NO. 3:03CV874(MRK)
                                        :
v.                                      :
                                        :
COSMEDICO LIGHT, INC.,                  :
                                        :
              Defendant.                :

**<u>RULING AND ORDER</u>**

This case arises out of Plaintiff Light Sources, Inc.'s ("Light Sources") and Plaintiff Tan

Systems, Inc.'s ("Tan Systems") alleged infringement of trademarks held by the Defendant,

Cosmedico Light, Inc. ("Cosmedico").  Currently pending before the Court are seven motions

that fall into four general categories: (1) cross-motions for partial summary judgment; (2)

motions related to the sealing and unsealing of certain documents filed in this case; (3) motions

related to discovery; and (4) a motion to strike certain documents in support of partial summary

judgment.

**I.**

Turning first to the cross-motions for summary judgment, the standard for assessing such

motions is familiar.  Summary judgment is appropriate only when "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law."  Fed. R. Civ. P. 56(b).  A genuine issue of fact exists when "a reasonable jury

could return a verdict for the nonmoving party," and facts are material to the outcome if the substantive law renders them so. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). If the moving party carries its burden, the party opposing summary judgment "may not rest upon mere allegations or denials," rather the opposing party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The Court must draw all ambiguities and inferences in favor of the plaintiffs. *See Andersen*, 477 U.S. at 255. However, to defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Andersen*, 477 U.S. at 249-50.

The basic facts of this case are not in dispute. All parties to this lawsuit are in the business of making, marketing, and/or selling, *inter alia*, ultraviolet light bulbs for tanning beds. *See* Pls.' Local Rule 56(a)(1) Statement [doc. #60], at ¶¶ 4, 9-11; Def.'s Local Rule 56(a)(1) Statement [doc. #66], at ¶¶ 1-3. Cosmedico has federally registered trademarks for "VHR" (Reg. No. 2,124,659) and "Cosmolux VLR" (Reg. No. 2,788,198). Pls.' Local Rule 56(a)(1) Statement [doc. #60], at ¶¶ 32, 52; Def.'s Local Rule 56(a)(1) Statement [doc. #66], at ¶ 10. For the time period relevant to the pending litigation, Light Sources sold OEM (*i.e.*, "original equipment manufacturer") ultraviolet light bulbs for tanning beds to Tan Systems imprinted with the Tan Systems house brand "TURB0POWER" and the allegedly infringing terms "THR" and "TLR" as a part of a model number (*e.g.*, "FR71T12 – THR 160" or "FR71T12 – TLR 100"). Pls.' Local

Rule 56(a)(1) Statement [doc. #60], at ¶¶ 15-16; Def.'s Local Rule 56(a)(1) Statement [doc. #66], at ¶ 4. A "house brand" or "house mark" is a "trademark that identifies the business that produces the product." *Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 388 n.1 (2d Cir. 1995).

There are six claims and five counterclaims in this case, brought pursuant to various provisions of the Lanham Act (*i.e.*, 15 U.S.C. §§ 1114, 1119, 1120, 1125), the common law of trademarks, and Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110(b). The Court will assume familiarity with the numbering system for the Claims and Counterclaims as outlined in the Plaintiffs' Second Amended Complaint [doc. #27] and the Defendant's Answer to Second Amended Complaint and Counterclaims [doc. #34].

In Plaintiffs' Motion for Partial Summary Judgment [doc. #58], Light Sources and Tan Systems seek summary judgment on their Claim 1 and Cosmedico's Counterclaims 1, 2, 4, and 5. In Defendant's Motion for Partial Summary Judgment [doc. #64], Cosmedico seeks summary judgment on Light Sources' and Tan Systems' Claims 1, 2, and 5. Neither party moved for summary judgment on Light Sources' and Tan Systems' Claims 3, 4, and 6, and Cosmedico's Counterclaim 3. Therefore, regardless of the Court's disposition of the cross-motions for partial summary judgment, it will be necessary to hold a trial of those four claims. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Partial Summary Judgment [doc. #58], and GRANTS IN PART and DENIES IN PART Defendant's Motion for Partial Summary Judgment [doc. #64].

## A.

The Court DENIES Plaintiffs' Motion for Partial Summary Judgment [doc. #58], insofar

as it seeks judgment for Light Sources and Tan Systems on Cosmedico's Counterclaims 1, 2, and

4, and Light Sources' and Tan Systems' Claim 1, because there are numerous material issues of

fact that preclude summary judgment.

Cosmedico's Counterclaim 1 alleges infringement of Cosmedico's federally registered

trademarks "VHR" and "Cosmolux VLR" under the Lanham Act, 15 U.S.C. § 1114(1). A claim

of trademark infringement is analyzed under a familiar two-prong test: (1) whether Cosmedico's

marks are "entitled to protection"; and (2) whether Light Sources' and/or Tan Systems' use of

their marks is "likely to cause consumers confusion as to the origin or sponsorship of the

defendant's goods." *Savin Corp. v. Savin Group*, 391 F.3d 439, 456 (2d Cir. 2004) (internal

quotations and brackets omitted). The crucial issue in an action for trademark infringement is

"whether there is any likelihood that an appreciable number of ordinarily prudent purchasers are

likely to be misled, or indeed simply confused, as to the source of the goods in question." *Id.* To

make this determination, the court must look at a host of factors, including the eight factors –

commonly known as the *Poloroid* factors – first articulated by Judge Friendly in his seminal

decision in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (1961). The all-too

familiar *Poloroid* factors require consideration of the following:

> (1) the strength of the senior mark; (2) the degree of similarity between the two
> marks; (3) the proximity of the products; (4) the likelihood that the prior owner
> will "bridge the gap"; (5) actual confusion; (6) the defendant's good faith (or bad
> faith) in adopting its own mark; (7) the quality of defendant's product; and (8) the
> sophistication of the buyers.

*Savin Corp.*, 391 F.3d at 456.

Here, it is apparent from the parties' submissions that there are numerous disputed issues

of fact both on whether Cosmedico's marks "VHR" and "Cosmolux VLR" are entitled to

-4-

protection and on the application of the *Polaroid* factors to determine the likelihood of confusion.  These disputed issues of fact preclude summary judgment on both Cosmedico's Counterclaim 1 as well as the portion of Light Sources' and Tan Systems' Claim 1 that seeks a declaratory judgment that they are not infringing Cosmedico's federally registered mark "VHR".

Cosmedico's Counterclaim 2 alleges false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).  Section 1125(a) "is a broad federal unfair competition provision which protects unregistered trademarks similar to the way that section [1114(1)] of the Lanham Act . . . protects registered marks."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002).  Cosmedico's Counterclaim 4 alleges trademark infringement under the common law.  To prevail on a common law claim of trademark infringement, a party must "establish that the symbols for which it seeks trademark protection are valid, legally protectable marks and that another's subsequent use of a similar mark is likely to create confusion as to the origin of the product." *Tri-Star Pictures, Inc. v. Leisure Time Productions, B.V.*, 17 F.3d 38, 43 (2d Cir. 1994).

As is true of Cosmedico's Counterclaim 1, the key issue on Cosmedico's Counterclaims 2 and 4 is whether Light Sources' and Tan Systems' conduct gives rise to a "likelihood of confusion," defined as, *inter alia*, "a likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question."  *Register.Com, Inc. v. Verio, Inc.*, 356 F.3d 393, 441-42 (2d Cir. 2004).  Again, there are numerous disputed issues of fact as to the likelihood of confusion between Light Sources' and Tan Systems' use of "THR" and "TLR" and Cosmedico's "VHR," "VLR" and "Cosmolux VLR" marks, and those disputes preclude summary judgment.

It bears noting that the Court has some considerable doubt as to Cosmedico's eventual

success on its Counterclaims 1, 2, and 4, especially in light of the Second Circuit's decision in *Arrow Fastener Co. v. Stanley Works*, *supra*, which concluded that a plaintiff failed to establish likelihood of confusion "where the allegedly infringing use concerns inclusion of the [trademark] in a multi-digit model number used to identify a product." *Arrow Fastener*, 59 F.3d at 399.  At this point, however, Light Sources and Tan Systems have failed to meet their burden of demonstrating that no genuine issue exists as to any material fact related to these Counterclaims and that as a matter of law, no reasonable jury could find for Cosmedico on any of these claims or that Light Sources and Tan Systems are entitled to summary judgment on their declaratory judgment count.

The Court GRANTS Plaintiffs' Motion for Partial Summary Judgment [doc. #58], insofar as it seeks judgment for Light Sources and Tan Systems on Cosmedico's Counterclaim 5. Counterclaim 5 asserts a CUTPA claim based on Light Sources' and Tan Systems' decision to file Claims 1, 2 and 5 against Cosmedico.  As will be explored in greater detail in Part I.B *infra*, Cosmedico alleges that Light Sources and Tan Systems should have known that these claims would be barred by the doctrine of *res judicata* because Cosmedico's "VHR" mark was the subject of proceedings at the United States Patent and Trademark Office ("USPTO") in which Light Sources filed an official opposition that was later dismissed with prejudice.  *See* Answer to Second Amended Complaint and Counterclaims [doc. #34], at ¶¶ 115-125; *see also* Def.'s Local Rule 56(a)(1) Statement [doc. #66], at ¶¶ 8-10.

The law is clear, however, that "the filing of a single non-sham lawsuit [] cannot form the basis of a claim under CUTPA." *Suburban Restoration Co. v. Acmat Corp.*, 700 F.2d 98 (2d Cir. 1983); *see also Nationwide Mut. Ins. Co. v. Bland*, No. 399CV2005(RNC), 399CV2006(RNC),

399CV2007(RNC), 2003 WL 23354137, at *5 (D. Conn. Mar. 30, 2003) ("Filing a single lawsuit can violate CUTPA only if it is a 'sham.' ").  The Connecticut Appellate Court has stated that "sham" litigation in the CUTPA context consists of "actions rife with abusive intent and absent any indicia of success," and that "[f]actors present in sham litigation include, but are not limited to . . . deliberate fraud, supplying false information, and whether lower courts have stated or implied that the action is frivolous or objectively baseless and whether they have dismissed it out of hand."  *Zeller v. Consolini*, 59 Conn. App. 545, 555 (2000).

Putting aside the Court's serious doubts as to whether a CUTPA violation even could be based on a mere subset of allegedly "sham" claims within an otherwise legitimate "non-sham" lawsuit as a whole, Light Sources' and Tan Systems' claims in this action with respect to the "VHR" mark are in no way objectively meritless or baseless, and contain none of the aforementioned indicia of "sham" litigation.  Light Sources and Tan Systems present a legitimate argument as to why an administrative proceeding at the USPTO between the parties related to Cosmedico's "VHR" mark should not bar their claims in this lawsuit due to the doctrine of *res judicata.*  In fact, as will be apparent below, the Court ultimately agrees with many of Light Sources' and Tan Systems' arguments.  Light Sources and Tan Systems are, therefore, entitled to summary judgment on Cosmedico's CUTPA claim in Counterclaim 5.

## B.

From November 7, 1996 until November 17, 1997, Cosmedico's "VHR" mark was the subject of an opposition proceeding before the USPTO Trademark Trial and Appeals Board ("TTAB") between Cosmedico and Light Sources.  Light Sources' basis for opposing registration of the "VHR" mark was that, *inter alia*,

> [t]he fluorescent tube industry is using the acronym "VHR" on ultraviolet
> fluorescent tubes as a designation of such tubes which include a reflective coating
> over a portion of the surface to reflect light rays impinging thereon and thereby
> increase the intensity of light rays emanating in the uncoated portion.
> Accordingly, Opposer [Light Sources] believes that this acronym is a generic
> designation not subject to appropriation by Applicant [Cosmedico] or any other.

Def.'s Local Rule 56(a)(1) Statement [doc. #66], at ¶ 8.  Subsequently, on October 27, 1997, the

parties filed a joint Stipulation of Dismissal that expressly terminated the opposition with

prejudice.  *Id.* at ¶ 10 ("The parties, by and through their attorneys, hereby stipulate that the

above-identified opposition proceeding be dismissed with prejudice.").  The USPTO later

dismissed the opposition with prejudice on November 17, 1997, and granted Cosmedico

registration number 2,124,659 for the mark "VHR" on December 31, 1997.  *Id.*

Cosmedico argues that the doctrine of *res judicata* bars Light Sources' and Tan Systems'

Claims 1, 2 and 5 because they could have been litigated in the opposition proceeding before the

TTAB.[1]   In the trademark context (like any other), *res judicata*, or claim preclusion, "prevents

the subsequent litigation by either party of any ground of recovery that was available in the prior

action, whether or not it was actually litigated or determined."  *Jim Beam Brands Co. v. Beamish

& Crawford Ltd.*, 937 F.2d 729, 736 (2d Cir. 1991); *see also Storey v. Cello Holdings, L.L.C.*,

347 F.3d 370, 380 (2d Cir. 2003) ("Under the doctrine of *res judicata*, or claim preclusion, a

final judgment on the merits of an action precludes the parties or their privies from relitigating

issues that were or could have been raised in that action.") (internal quotations and brackets

_____

[1] According to Defendant's Memorandum in Support of its Motion for Partial Summary
Judgment [doc. #65], "Cosmedico does not seek summary judgment of noninfringement in this
motion, as the issue of infringement was not determined in the opposition proceeding" before the
USPTO.  *Id.* at 14 n.1. Thus, the portion of Plaintiffs' Claim 1 that seeks a declaratory judgment
that Plaintiffs have not infringed Cosmedico's "VHR" mark survives Cosmedico's motion for
summary judgment.

omitted).  A dismissal with prejudice is a final adjudication on the merits that can give rise to *res judicata. See Storey*, 347 F.3d at 385 n.12 (rejecting argument that "*res judicata* cannot apply because the dismissal with prejudice . . . does not constitute a judgment on the merits.").

Generally, administrative proceedings may have *res judicata* effect if they are adjudicative in nature.  *See, e.g., United States v. Utah Constr. Co.*, 384 U.S. 394, 421-22 (1966) ("When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose.") (quoted in *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991); *Union Mfg. Co., Inc. v. Han Baek Trading Co., Ltd.*, 763 F.2d 42, 44-45 (2d Cir. 1985)); *see also Delamater v. Schweiker*, 721 F.2d 50, 53-54 (2d Cir. 1983) (*res judicata* effect granted to administrative adjudications but not to administrative decisions).  Administrative proceedings before the TTAB are generally considered adjudicative in nature.  *See, e.g., Kohler Co. v. Moen Inc.*, 12 F.3d 632, 636 (7th Cir. 1993) (TTAB is "the adjudicative body of the Patent and Trademark Office"); *EZ loader Boat Trailers, Inc. v. Cox Trailer, Inc.*, 746 F.2d 375, 378 (7th Cir. 1984) (TTAB acts in a judicial capacity because it is an adversarial proceeding where the parties are represented by attorneys, present evidence, and submit briefs).  *See also* 37 C.F.R. § 2.105 (party opposing registration may be represented by an attorney); § 2.106 (applying certain rules of the *Federal Rules of Civil Procedure* to pleadings in an opposition proceeding); § 2.116 ("*inter partes* proceedings shall be governed by the *Federal Rules of Civil Procedure*"); §§ 2.120–2.125, 2.127–2.129 (regulations governing discovery, testimony, evidence, motions, depositions, briefs, and oral argument both before and during trial of opposition proceedings).

-9-

The Court of Appeals for the Federal Circuit has held that trademark opposition proceedings before the TTAB can have a *res judicata* effect, even if the final judgment in the opposition proceeding was a default judgment due to the fact that the party's original opposition was "abandoned and dismissed for failure to prosecute."  *Int'l Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1329 (Fed. Cir. 2000); *see also Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 212-14 (D.N.J. 1993) (under certain circumstances, *res judicata* may apply to opposition proceedings).  *Cf. Han Baek Trading*, 763 F.2d at 45 (In a trademark dispute, "when the issues raised and the procedures available in the [International Trade Commission ("ITC")] proceeding are in all important respects the same as those in the District Court, *res judicata* should bar the relitigation of the claim in federal court.  To hold otherwise would undermine the legitimacy of the ITC proceeding; the party losing the administrative adjudication could simply file an identical action in a federal district court and thereby avoid the strict standard of review governing appeal of ITC determinations in the Federal Circuit.") (citing *Delamater*, 721 F.2d at 53-54).  Therefore, the opposition proceeding at the TTAB central to this case could, in theory, serve as a bar to some or all of Light Sources' and Tan Systems' claims due to the doctrine of *res judicata*, if all of the essential elements of *res judicata* are met.

However, under the facts as they have been presented to date, the Court concludes, at least at this stage of the lawsuit, that the opposition proceeding does not bar the majority of Light Sources' and Tan Systems' claims.  To begin with, the Court DENIES Defendant's Motion for Partial Summary Judgment [doc. #64] as it pertains to Tan Systems because Tan Systems was not a party to, or in privity with a party to, the opposition proceedings before the TTAB.  Cosmedico makes a passing reference to the possibility of privity because of the existence of an

-10-

indemnification agreement between Light Sources and Tan Systems.  *See* Mem. in Supp. of Def.'s Mot. for Partial Summ. J. [doc. #65], at 9-10 (citing *Meeropol v. Nizer*, 505 F.2d 232, 235-36 (2d Cir. 1974) (concerning whether a federal court has jurisdiction to enjoin prosecution of second action embracing the same issue in another federal court even where parties in two actions are not identical, because of an indemnification agreement)).  This argument has no support in the case law and no merit on the facts, especially in light of the fact that this indemnification agreement was entered into in February 2003 (over five years *after* the opposition proceedings before the TTAB) and that agreement concerned the present trademark infringement claims by Cosmedico.  Therefore, all of Tan Systems' claims survive Cosmedico's *res judicata* argument.

Light Sources was a party to the opposition proceeding, and the Court must decide (if possible on the record before it) which of Light Sources' specific claims are barred by *res judicata* because they were raised, or could have been raised, in the opposition proceeding. Generally speaking, "[r]egistration proceedings present the question of whether the application is entitled to *register* its trademark." *Tonka Corp.*, 836 F. Supp. at 213 (emphasis added); *see also* 15 U.S.C. § 1063(a) ("Any person who believes that he would be damaged by the *registration* of a mark upon the principal register . . . may, upon payment of the prescribed fee, file an opposition in the Patent and Trademark Office, stating the grounds therefor.") (emphasis added).  Litigation before the TTAB in opposition proceedings is, therefore, limited to whether one has the right to register a mark, and not whether one has the right to exclusive use of the mark in practice.  *See, e.g.*, *Application of Marriott Corp.*, 517 F.2d 1364, 1367 (Cust. & Pat. App. 1975) ("[T]he issue in an opposition is the applicant's right to register and not opposer's right to exclusive use.").

Therefore, while Light Sources' claims that directly concern Cosmedico's right to *register* the "VHR" mark are barred by *res judicata*, Light Sources' claims that directly concern or are derived from Cosmedico's *use* of the "VHR" mark *in the marketplace* might not be barred by *res judicata*. *Cf. Levy v. Kosher Overseers Ass'n of America, Inc.*, 104 F.3d 38, 42 (2d Cir. 1997) ("For a TTAB or Federal Circuit determination of 'likelihood of confusion' to have collateral estoppel effect in a trademark infringement action, the TTAB or the Federal Circuit must have taken into account, in a meaningful way, the *context* of the marketplace.") (emphasis in original).

Accordingly, the Court GRANTS Defendant's Motion for Partial Summary Judgment [doc. #64] as it pertains to Light Sources' Claim 5. Light Sources' Claim 5 alleges that Cosmedico engaged in fraudulent registration of Cosmedico's federally registered "VHR" mark under the Lanham Act, 15 U.S.C. § 1120. *See* Second Amended Complaint [doc. #27], at ¶¶ 59-66. Because Light Sources' Claim 5 contains allegations of fraud during the registration process itself, this claim could have been brought in the opposition proceedings before the USPTO. As such, this claim is barred by *res judicata* and summary judgment should enter for Cosmedico on Light Sources' Claim 5. As for Light Sources' Claims 1 and 2, the Court DENIES Defendant's Motion for Partial Summary Judgment [doc. #64], without prejudice to possible renewal at trial, because on the record before the Court, the Court cannot say as a matter of law whether Light Sources' Claims 1 and 2 relate solely to the *use* of the "VHR" mark in commerce and as such are not barred by the doctrine of *res judicata*.

In summary, the Court DENIES summary judgment to all parties on the claims for which they sought partial summary judgment, with the exception of Light Sources' Claim 5 and Cosmedico's Counterclaim 5, for which the Court will enter summary judgment.

-12-

## II.

The Court will next turn to the parties' sealing and unsealing motions.  In this Court's Ruling and Order dated December 20, 2004 [doc. #97] and Supplemental Order dated December 30, 2004 [doc. #98], the Court unsealed the majority of the documents originally filed under seal in this case.  However, the Court must still resolve a very narrow issue regarding whether portions of Exhibits 4 and 12 of Defendant's Local Rule 56(a)(2) Statement [doc. #70], and Light Sources' and Tan Systems' reference to or use of these portions of Cosmedico's Exhibits 4 and 12 in their Reply Appendix [doc. #76] and their Sealed Exhibits [doc. #94], should remain sealed.  Cosmedico claims that these portions of Exhibits 4 and 12 contain confidential material concerning third parties unrelated to this lawsuit.  Commendably, Cosmedico has filed public versions of these documents, in which only the specific, narrowly drawn confidential material related to these third parties has been redacted.  *See* Exhibits Attached to Def.'s Response to Order to Show Cause [doc. #80].  The Court believes that for the time being, maintaining under seal this extremely small quantity of confidential material related to third parties is appropriate.  At the time of trial, the Court will reconsider whether these materials should remain under seal.

Thus, the Court GRANTS Defendant's Motion for Leave to File Documents Under Seal [doc. #81], and DENIES Plaintiffs' Motion to Unseal [doc. #95].  Document numbers 70, 76, and 94 shall remain under seal until further order of the Court.

## III.

Turning now to the discovery motions pending in this case, the Court notes at the outset that this case is heading for trial on most of the claims and counterclaims asserted by both parties.  To ensure that a complete evidentiary record is available for the upcoming trial, the

-13-

Court GRANTS Defendant's Motion to Compel Production of Documents and Deposition of

Plaintiff Tan Systems [doc. #86] and GRANTS Plaintiffs' Motion to Compel and Complete

Discovery [doc. #100].  Discovery shall be opened from March 1, 2005 until July 1, 2005 for the

purpose of any party conducting any further discovery in support or defense of any claims or

counterclaims asserted in this action.  The parties are advised that no extensions of this

supplemental discovery period will be granted, except for truly extraordinary unforseen

circumstances.  Parties must take all remaining depositions and produce all remaining documents

within this extended discovery period.

## IV.

Finally, in Defendant's Motion to Strike Declarations of Arthur T. Fattibene and Kristin

(Tiffany) Crumpler [doc. #88], Cosmedico has moved to strike certain of Light Sources' and Tan

Systems' submissions to the Court in connection with the cross-motions for partial summary

judgment on grounds, *inter alia*, that these declarations are based upon and incorporate

documents and evidence allegedly withheld from Cosmedico, contain hearsay, and are made by

declarants incompetent to establish a foundation for the proffered evidence.  *Id.* at 1-2.  In

reaching its decision on the cross-motions for summary judgment, the Court did not rely on these

declarations.  Therefore, Defendant's Motion to Strike [doc. # 88] is DENIED AS MOOT.

## V.

In sum, the Court enters the following orders on the pending motions:

1.    GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Partial

      Summary Judgment [doc. #58].  Judgment shall enter for Plaintiff on Cosmedico's

      Counterclaim 5.  In all other respects, the Motion for Partial Summary Judgment

is denied;

2.      GRANTS IN PART and DENIES IN PART Defendant's Motion Partial Summary
        Judgment [doc. #64].  Judgment shall enter for Defendant on Light Sources'
        Claim 5.  In all other respects, the Motion for Partial Summary Judgment is
        denied;

3.      GRANTS Defendant's Motion for Leave to File a Document Under Seal [doc.
        #81] and DENIES Plaintiffs' Motion to Unseal Documents [doc. #95].  Document
        numbers 70, 76, and 94 shall remain under seal until further order of the Court;

4.      GRANTS Defendant's Motion to Compel Production of Documents and
        Deposition of Plaintiff Tan Systems [doc. #86] and GRANTS Plaintiffs' Motion to
        Compel and Complete Discovery [doc. #100].  The parties shall have from March
        1, 2005 until July 1, 2005 to complete (not propound) any and all depositions or
        other discovery they believe is needed in preparation for trial;

5.      DENIES AS MOOT Defendant's Motion to Strike Declarations of Arthur T.
        Fattibene and Kristin (Tiffany) Crumpler [doc. #88].

As a result of the foregoing rulings, all of Light Sources' and Tan Systems' claims and
Cosmedico's counterclaims remain in this case, except for Light Sources' Claim 5 and
Cosmedico's Counterclaim 5.  By separate order, the Court will establish the schedule for
submission of a Joint Trial Memorandum, the final pretrial conference, and for trial.

IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut: March 4, 2005.**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC. | : | |
| | : | |
| Plaintiffs, | : | NO. 3:03CV874(MRK) |
| | : | |
| v. | : | |
| | : | |
| COSMEDICO LIGHT, INC., | : | |
| | : | |
| Defendant. | : | |

**TRIAL SCHEDULING ORDER**

The Court hereby sets the following trial schedule:

_____1.    Jury selection will take place on **October 3, 2005 at 9:30 a.m.** in Courtroom #4.
        Trial will commence in this case at **9:00 a.m. on October 17, 2005**.

2.    A final pre-trial conference will be held at **1:30 p.m. on September 26, 2005** in
      Courtroom #4.

      **TRIAL COUNSEL MUST ATTEND THE FINAL PRE-TRIAL
      CONFERENCE.**

3.    The Parties' Joint Trial Memorandum (instructions are attached) is due
      **September 12, 2005**.

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
      Mark R. Kravitz
      United States District Judge

Dated at New Haven, Connecticut: May 27, 2005.

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

### JOINT TRIAL MEMORANDUM - INSTRUCTIONS
### FOR THE HONORABLE MARK R. KRAVITZ (rev. 1/04)

The parties shall confer and shall jointly prepare and submit for the Court's approval a Joint Trial Memorandum in compliance with Local District Civil Rule 6 and the District's Standing Order Regarding Trial Memoranda in Civil Cases as modified in these instructions. **In addition to filing an original of the Joint Trial Memorandum with the Clerk of the Court, counsel shall also provide Chambers with a courtesy copy of the Joint Trial Memorandum and all attachments, both in hard copy and on a 3 ½" computer diskette in WordPerfect 10.0 format.** The Joint Trial Memorandum is intended to be a jointly prepared document. Therefore, these Instructions are not satisfied by stapling together trial memoranda prepared separately by counsel for each party.

The Joint Trial Memorandum shall contain the following information:

(1) *TRIAL COUNSEL*: Counsel shall list the names, addresses, telephone numbers, fax numbers and e-mail addresses of the attorney(s) who will try the case. **Trial counsel must attend the Final Pretrial Conference, unless excused in advance by the Court.**

(2) *JURISDICTION*: Counsel shall set forth the basis for federal jurisdiction.

(3) *JURY/NON-JURY*: Counsel shall state whether the case is to be tried to a jury or to the court.

(4) *LENGTH OF TRIAL*: Counsel shall set forth a realistic estimate of trial days required based on the expected length of testimony for each witness on both direct and cross-examination.

(5) *FURTHER PROCEEDINGS*: Specify, with reasons, the necessity of any further proceedings prior to trial.

(6) *NATURE OF CASE*: Counsel for both parties shall separately state the nature of each cause of action and the relief sought. If appropriate, state the nature of any cross-claims, counterclaims and/or affirmative defenses.

(7) *TRIAL BY MAGISTRATE JUDGE*: Counsel shall indicate whether they have agreed to a trial by a Magistrate Judge and if so, file signed consent forms providing for any appeal to be heard directly by the Court of Appeals.

(8) *EVIDENCE*: **Prior to preparing and submitting the Joint Trial Memorandum, counsel are required to exchange lists of proposed witnesses, exhibits and deposition transcripts to enable counsel for each party to state in the Joint Trial Memorandum whether they object to any proposed witness, exhibit or transcript.**

(a) <u>Witnesses</u>: Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony. Counsel shall indicate which witnesses are likely to testify and which witnesses will be called only if the need arises. For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also state the area of the witness's expertise and attach a copy of the expert's report and a curriculum vitae, if available.

Any objection to the admissibility of the testimony of any witness must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the witness regarding admissibility.

**NOTE: Witnesses not included in this list shall not be permitted to testify at trial, except for good cause shown. All listed witnesses will be permitted to testify unless there is an explicit objection stated to the witness's testimony.**

(b) <u>Exhibits</u>: Counsel shall attach a list of all exhibits -- including a brief description of their contents -- to be offered at trial. The parties shall mark all exhibits numerically with exhibit tags (which will be provided by the Clerk's Office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "501." Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit identification to ensure that exhibit numbers are not duplicated. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum. **Copies of all exhibits as to which there may be objections must be brought to the Final Pretrial Conference.** Three (3) days before trial, counsel shall deliver to Judge Kravitz copies of all exhibits placed in a three-ring binder with a copy of the exhibit list at the front of the binder and with each exhibit separately tabbed, and shall deliver to the Courtroom Deputy the original set of exhibits along with an exhibit list pursuant to Local District Civil Rule 14(b).

Any objection to the admissibility of any exhibit must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the exhibit regarding admissibility.

**NOTE: Exhibits not listed will not be admitted at trial, except for good cause shown. All listed exhibits shall be deemed admissible unless there is an explicit objection stated to the exhibit.**

(c) <u>Deposition Testimony</u>: Counsel shall list each witness who is expected to testify by deposition at trial. Such list will include a designation by page references of the deposition

2

transcript which each party proposes to read into evidence. Cross-designations shall be listed as provided by Fed. R. Civ. P. 32(a)(4). The list shall include all objections to deposition designations. A marked-up version of the deposition transcript should also be submitted along with the Joint Trial Memorandum (blue for plaintiff; red for defendant).

**NOTE:  Objections not stated in the Joint Trial Memorandum will be deemed waived, except for good cause shown.**

(9)    *STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW*: Counsel for both parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

   (a)    *Bench Trial*: Each party shall submit specific proposed findings of fact necessary to support a judgment in that party's favor, identifying each witness and/or exhibit as to each factual conclusion. Each party shall also submit proposed conclusions of law, citing the legal authority that supports each claim or defense.

   Except under unusual circumstances, post-trial briefing will not be permitted. Any pre-trial memoranda which any party (ies) wish the Court to consider must be filed no later than seven (7) days prior to the date trial commences.

   (b)    *Jury Trial*: The stipulation of uncontroverted facts will be read to the jury, and no evidence shall be presented on the uncontested facts.

      (1)    *Proposed Voir Dire Questions*: Counsel shall attach a list of questions to be submitted to the jury panel as part of the Joint Trial Memoranda, with any supplements no later than 24 hours before jury selection.

      (2)    *Proposed Jury Instructions*: The parties shall meet and confer for the purposes of preparing and filing jury instructions. Counsel shall attach (and also include on the diskette) requests for jury instructions, citing relevant legal authority for each proposed instruction. Counsel are not required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc. If any party objects to another party's  proposed instruction, counsel must  briefly state the nature of the objection and the legal authority supporting the objection.

      (3)    *Proposed Verdict Form*: Counsel shall meet and confer for the purposes of preparing and filing a proposed verdict form and/or special interrogatories. Counsel shall attach (and also include on the diskette) proposed verdict forms and any proposed special interrogatories. If the parties are unable to agree as to the appropriateness of a proposed form, counsel for the objecting party must state the basis for the objection and provide an alternative proposal (on

3

a diskette).

(4)    *Brief Description of Case and Parties*:    Counsel shall meet and confer and agree upon a brief description of the case, the issues and the parties that the Court can read to proposed jurors at the outset of jury selection.

(10)    ANTICIPATED EVIDENTIARY PROBLEMS: Counsel shall list any evidentiary problems anticipated by any party and shall attach to the Joint Trial Memorandum motions in limine along with memoranda of law concerning any anticipated evidentiary problems, including any issues relating to the admissibility of expert testimony under Fed. R. Evid. 702-05 and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) line of cases. All memoranda in opposition to any motion in limine must be filed within seven (7) days of the date on which the Joint Trial Memorandum is filed and in any event no later than 3 days before the Final Pretrial Conference.

4